UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* ) <br> DAVID KESTER, *et al.* ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> NOVARTIS PHARMACEUTICALS ) <br> CORPORATION *et al.* ) <br> ) <br> Defendants. ) | Case No. 11-CIV-8196 (CM) |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**PLAINTIFF STATE OF INDIANA'S MEMORANDUM IN SUPPORT OF MOTION FOR DISMISSAL OF CLAIMS OF THE STATE OF INDIANA AGAINST BIOSCRIP, INC.**

Pursuant to Fed. R. Civ. Pr. 41(a)(2), Plaintiff State of Indiana (the "State") respectfully has moved the Court to dismiss with prejudice all claims against BioScrip, Inc. ("BioScrip"), asserted in this action by Relator David Kester ("Relator") on behalf of the State that have been resolved in a settlement agreement between the parties, as set forth in the description of the "Covered Conduct" in Paragraph E of that agreement. (See the State Settlement Agreement, effective February 11, 2014, found in Attachment A to the State's motion. The form of this agreement is virtually the same as that executed by 20 other states and the District of Columbia, but the amount that each state is to be paid varies, depending on how much each state paid for prescriptions of the drug Exjade that BioScrip dispensed to the state's Medicaid recipients (*i.e.* utilization). See February 20, 2014, letter from Christopher Miller to Shelley R. Slade, found in Attachment B to the

State's motion.)  Pursuant to Fed. R. Civ. Pr. 41(a)(2), the State further moved the Court to dismiss without prejudice all claims in this action asserted on behalf of the State by Relator David Kester against BioScrip.

Under the Indiana False Claims and Whistleblower Protection Act, (the "IFCA") Ind. Code § 5-11-5.5-1 *et seq.*, once a relator brings an action under section 4 of the IFCA, except as provided in section 5[1], the action may only be dismissed if the attorney general or the inspector general, if applicable, files a written motion to dismiss explaining why dismissal is appropriate and the court issues an order granting the motion that explains the court's reasons for granting the motion.  *See* Ind. Code § 5-11-5.5-4(b).

Relator has submitted in his Motion for Dismissal of Claims of State Plaintiffs against BioScrip, Inc., Docket No. 127, and his Memorandum in Support of Motion for Dismissal of Claims of State Plaintiffs against BioScrip, Inc., Docket No. 128, that good cause exists for the requested order of dismissal in light of the resolution with BioScrip reached by the states set forth above and in light of the fact that none of the states have intervened in the claims against BioScrip asserted in this action.

---

[1] The exceptions in section 5 are when:  the attorney general (or inspector general) moves to dismiss the action and a hearing is held where the relator can be heard, Ind. Code § 5-11-5.5-5(b); the attorney general (or inspector general) settles the claim and the court conducts a hearing where the relator may be heard, Ind. Code § 5-11-5.5-5(c); or the court dismisses the action to allow the attorney general (or inspector general) to pursue its claim through an alternative proceeding, including an administrative proceeding or a proceeding brought in another jurisdiction, Ind. Code § 5-11-5.5-5(h).

A proposed order is attached as for the Court's consideration.

          Respectfully submitted,

          GREGORY F. ZOELLER
          Attorney General of the
          State of Indiana

By: _____/s/_____
          Lawrence J. Carcare II (Admitted *pro hac vice*)
          Deputy Attorney General
          Office of the Indiana Attorney General
          Medicaid Fraud Control Unit
          8005 Castleway Drive
          Indianapolis, IN 46250-1946
          Telephone:   (317) 915-5319
          Facsimile:   (317) 232-7979

Dated:     February 21, 2014