UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* DAVID M. KESTER, *et al.*,<br><br>                    Plaintiffs,<br><br>         v.<br><br>NOVARTIS PHARMACEUTICALS CORPORATION, ACCREDO HEALTH GROUP, INC., BIOSCRIP CORPORATION, CURASCRIPT, INC., CVS CAREMARK CORPORATION,<br><br>                    Defendants. | 11 Civ. 8196 (CM)(JCF) |

**ACCREDO HEALTH GROUP, INC., CURASCRIPT, INC., AND CVS CAREMARK CORPORATION'S MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS COUNT 1D (REVERSE FALSE CLAIM) OF THE SECOND AMENDED COMPLAINT**

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................................ ii

INTRODUCTION ............................................................................................................................. 1

ARGUMENT .................................................................................................................................... 2

CONCLUSION ................................................................................................................................. 4

## TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Chesbrough v. VPA, P.C.*,
    655 F.3d 461 (6th Cir. 2011) ..................................................................................................2

*United States ex rel. Hansen v. Deming Hospital Corp.*,
    992 F. Supp. 2d 1137 (D.N.M. 2013) ....................................................................................3

*United States v. Raymond & Whitcomb Co.*,
    53 F. Supp. 2d 436 (S.D.N.Y. 1999).......................................................................................2

*Wood ex rel. United States v. Applied Research Associates, Inc.*,
    328 F. App'x 744, 748 (2d Cir. 2009) ................................................................................2, 3

**STATUTES**

31 U.S.C. § 3729(a)(1)(G) (2009) ..............................................................................................1, 2

31 U.S.C. § 3729(a)(7) (2006) .........................................................................................................2

31 U.S.C. § 3729(b)(3) ....................................................................................................................3

**INTRODUCTION**

On September 3, 2014, the Court issued an opinion and order granting in part and denying in part Defendants' Motions to Dismiss Relator's Second Amended Complaint ("Complaint"). *United States ex rel. Kester v. Novartis Pharm. Corp.*, No. 11 Civ. 8196 CM, 2014 WL 4370597 (S.D.N.Y. Sept. 3, 2014) ("*Novartis V*"). In *Novartis V*, the Court invited Defendants Accredo Health Group, Inc., CuraScript, Inc., and CVS Caremark Corporation (collectively, the "Pharmacy Defendants"), to advise the Court whether or not they intended to abandon their argument that Count 1(d) of the Complaint,[1] alleging "reverse false claims" under FCA subsection (a)(1)(G), fails to state a claim under Rule 9(b). *Id*. at *31. The Pharmacy Defendants did not intend to abandon this argument, and thus with the Court's permission respectfully renew their motions to dismiss Count 1(d) pursuant to Rules 9(b) and 12(b)(6).

For the Court's convenience, the Pharmacy Defendants now restate their argument in support of dismissal. Count 1(d) of the Complaint should be dismissed because of indisputable pleading deficiencies. An essential element of Relator's "reverse false claims" cause of action is that the defendant breached a "presently existing 'obligation' to the government—'a duty to pay money or property.'" *United States ex rel. Kester v. Novartis Pharmaceuticals Corp.*, No. 11 CIV. 8196 CM, 2014 WL 2619014, at *10 (S.D.N.Y. June 10, 2014) ("*Novartis II*"); *Novartis V*, 2014 WL 4370597, at *30 (citation omitted). As the Court has recognized, the Complaint contains not a single allegation of fact concerning such an "obligation." *Novartis V*, 2014 WL 4370597, at *30. As a result, under the Second Circuit's holding in *Wood ex rel. United States v.*

---

[1] The Court has previously noted that "the Relator asserts all four of his FCA claims as 'Count I,'" and has identified the claims as "Counts 1a, 1b, 1c, and 1d for clarity." *Novartis V*, 2014 WL 4370597, at *1 n.3. The references herein to Count 1(d) correspond to the Court's identification of the claims.

*Applied Research Associates, Inc.*, 328 F. App'x 744, 748 (2d Cir. 2009), Relator's reverse false claim count (Count 1(d)) should be dismissed.

## ARGUMENT

Count 1(d) of the Complaint (Dkt. No. 93), alleges that the Pharmacy Defendants "knowingly and improperly avoided obligations to pay or transmit money to the Government, in violation of 31 U.S.C. § 3729(a)(1)(G) (2009)." Compl. ¶ 137. But as the Court pointed out in *Novartis V*, "the FCA's 'reverse false claims' provision has nothing to do with the facts of this case." *Novartis V*, 2014 WL 4370597, at *30. The Complaint does not allege any such obligations, much less allege them with particularity or say anything about their breach, and this claim accordingly should be dismissed.

Claims under Section 3729(a)(1)(G) and its pre-FERA predecessor, Section 3729(a)(7),[2] are often characterized as "reverse false claims" because they address situations in which a defendant, rather than seeking payment *from* the government, has failed to pay monies *to* the government in spite of an "obligation" to do so. *See Chesbrough v. VPA, P.C.*, 655 F.3d 461, 473 (6th Cir. 2011) ("[A]lthough . . . § 3729(a)(7) . . . does not require presentment of a claim to the government, it does require proof . . . that the defendant owed to the government an obligation—a duty to pay money or property." (citation and internal quotation marks omitted)). This Court has previously recognized that this "presently-existing 'obligation' to the government" is an essential element of a cause of action under the reverse false claims provision. *Novartis II*, 2014 WL 2619014, at *10; *Novartis V*, 2014 WL 4370597, at *30. The FCA defines

---

[2] The Complaint does not even attempt to suggest that the Pharmacy Defendants violated this prior version of the law, which required proof of an affirmative false record or statement. *See* 31 U.S.C. § 3729(a)(7) (2006); *Wood*, 328 F. App'x at 748; *United States v. Raymond & Whitcomb Co.*, 53 F. Supp. 2d 436, 444-45 (S.D.N.Y. 1999). Thus, the reverse false claims count in the Complaint only implicates conduct post-dating the effective FERA amendment date of May 20, 2009.

2

"obligation" to mean "an established duty, whether or not fixed, arising from an express or implied contractual, grantor-grantee, or licensor-licensee relationship, from a fee-based or similar relationship, from statute or regulation, or from the retention of any overpayment." 31 U.S.C. § 3729(b)(3).

The Second Circuit has made clear that the obligation underlying a reverse false claim allegation must be pled with particularity. *Wood ex rel. U.S. v. Applied Research Assocs., Inc.*, 328 F. App'x 744, 748 (2d Cir. 2009). Where a complaint "makes no mention of any financial obligation that the [defendants] owed to the government," the reverse false claims action is "appropriately dismissed under Fed.R.Civ.P. 9(b)." *Id.*[3]

Here, the Complaint alleges no specific facts whatsoever about any purported financial obligation the Pharmacy Defendants may have had to the government, nor does it allege that such an obligation was breached. As the Court has already explained, "the Relator does not allege that any of the Defendants had 'a duty to pay money' to the government that it attempted to avoid." *Novartis V*, 2014 WL 4370597, at *30 (citation omitted).

Because the Complaint does not allege facts showing that the Pharmacy Defendants owed any obligation to the government or breached such an obligation, Relator's reverse false claim count (Count 1(d)) should be dismissed. For the same reason, Relator should not be permitted to proceed on reverse false claims theories under the state law provisions collected in Appendix A, either.

---

[3] *See also U.S. ex rel. Hansen v. Deming Hosp. Corp.*, 992 F. Supp. 2d 1137, 1162 (D.N.M. 2013) (dismissing Section 3729(a)(1)(G) claim where the relator did not "allege that Defendants were under any obligation to pay money to the United States, that Defendants failed to meet this obligation, or that any fraudulent actions or statements were material to this obligation").

3

**CONCLUSION**

For the foregoing reasons, the Pharmacy Defendants request that the Court dismiss Count 1(d) (Compl. ¶ 137), which contains Relator's FCA claim for reverse false claims.

Dated: September 5, 2014

Respectfully submitted,

LATHAM & WATKINS LLP

By: /s/ Daniel Meron
Daniel Meron (admitted *pro hac vice*)
Allen M. Gardner (admitted *pro hac vice*)
555 Eleventh St., N.W., Suite 1000
Washington, DC 20004
Telephone: (202) 637-2200

*Attorneys for Accredo Health Group, Inc. and Curascript, Inc.*

WILLIAMS & CONNOLLY LLP

By: /s/ Enu Mainigi (on consent)[4]
Enu Mainigi (admitted *pro hac vice*)
Amanda M. MacDonald (admitted *pro hac vice*)
Nicholas G. Gamse (admitted *pro hac vice*)

725 Twelfth Street, N.W.
Washington, DC 20005
Telephone: (202) 434-5000
Facsimile: (202) 434-5029

*Attorneys for CVS Caremark Corporation*

---

[4] Counsel for CVS Caremark Corporation uses an electronic signature with consent in accordance with Rule 8.5(b) of the Court's ECF Rules and Instructions

4