# LATHAM&WATKINS LLP

555 Eleventh Street, N.W., Suite 1000
Washington, D.C.  20004-1304
Tel: +1.202.637.2200  Fax: +1.202.637.2201
www.lw.com

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Abu Dhabi | Milan |
| Barcelona | Moscow |
| Beijing | Munich |
| Boston | New Jersey |
| Brussels | New York |
| Chicago | Orange County |
| Doha | Paris |
| Dubai | Riyadh |
| Düsseldorf | Rome |
| Frankfurt | San Diego |
| Hamburg | San Francisco |
| Hong Kong | Shanghai |
| Houston | Silicon Valley |
| London | Singapore |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |

November 21, 2014

**VIA ECF**

Hon. James C. Francis
United States District Judge
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 1640
New York, New York 10007

Re:   *United States ex rel. Kester v. Novartis Pharmaceuticals Corporation*, **Civil Action No. 11-8196 (CM): Submission Regarding Accredo Audio Recordings**

Dear Judge Francis:

We write on behalf of defendant Accredo Health Group, Inc. ("Accredo") concerning Plaintiff's  November 18, 2014 letter regarding the production of audio recordings of thousands of telephone calls. (ECF No. 302.)  As discussed in more detail below, Plaintiff's letter is a waste of the parties' and the Court's resources, and the relief requested should be denied.  The recordings Plaintiff seeks have already been ordered and are scheduled for extraction, with an anticipated production the week of December 1.  The order was placed with a third party vendor within hours of Plaintiff finally deciding which recordings he wanted and agreeing to share in the substantial cost of production.  Accredo is eager to receive the recordings because it anticipates they will demonstrate – consistent with the rest of the evidence in this case – that Accredo was running a clinically appropriate adherence program designed to improve health outcomes for its patients.

Counsel for Accredo and Plaintiff have been in regular communication regarding the difficulty and expense of isolating and producing responsive audio recordings.  As explained to counsel for Plaintiff on numerous occasions, there are hundreds of thousands of potentially responsive recordings and they cannot be quickly or easily isolated.  For example, Accredo cannot run any type of computerized search to identify calls relating to Exjade.

Given this reality, on July 21 and 22, counsel for Plaintiff agreed to "help identify a subset of recordings that are responsive" in an effort to pare down the requested recordings to a reasonable sample.  Accredo simultaneously continued to evaluate possible methods of isolating responsive recordings from which to draw an agreed upon sample to be used both for Accredo's own factual development and produced in response to Plaintiff's request.  In particular, Accredo determined that, during certain time periods, certain personnel were dedicated to supporting patients receiving Exjade, so a responsive subset of recordings could potentially be identified using a combination of those individuals' names, extension numbers and relevant timeframes.

LATHAM&WATKINS LLP

On September 24, counsel for Plaintiff indicated for the first time that Plaintiff no longer wanted to negotiate a sample of all Exjade recordings and he no longer wanted any Exjade recordings from patient calls with Accredo customer service representatives or pharmacists, but instead wanted Accredo to produce an estimated 18,000 recorded calls during a specified time period when Accredo *nurses* were dedicated to supporting Exjade patients.  Accredo requested Plaintiff's agreement to share in the expense of such a production on multiple occasions, explaining that this was required before a purchase order could be submitted to the vendor who would assist in the extraction, and in order to secure Accredo's place in the vendor's queue.  Counsel for Plaintiff finally agreed to split the production costs on October 2, and Accredo submitted a purchase order the same day.  Accredo explained to Plaintiff's counsel that the process of retrieving the calls could take approximately seven weeks and given the logistics of extracting the call recordings, a "rolling production" was not logical or efficient.

Despite repeated assurances that Accredo had engaged a third party vendor and would be producing the requested recordings, including as recently as a telephone conversation between counsel for Accredo and Plaintiff on November 11, Plaintiff elected to file a letter with this court two days *before* the seven week estimate had run.  Continuing to work with its vendor, Accredo estimates that barring unforeseen logistical hurdles in the extraction of the calls, it should be able to provide the call recordings to Plaintiff's counsel the week of December 1, 2014.

For these reasons, we respectfully request that the Court deny Plaintiff's request in its entirety.

Respectfully yours,

/s/ Allen Gardner
of LATHAM & WATKINS LLP

cc:     All Counsel of Record (via ECF)