## SUSMAN GODFREY L.L.P.

A REGISTERED LIMITED LIABILITY PARTNERSHIP

15TH FLOOR
560 LEXINGTON AVENUE
NEW YORK, NEW YORK 10022-6828
(212) 336-8330
FAX (212) 336-8340
WWW.SUSMANGODFREY.COM

**MEMO ENDORSED**

| SUITE 5100 | SUITE 5100 | SUITE 950 | SUITE 3800 |
|---|---|---|---|
| 1000 LOUISIANA STREET | 901 MAIN STREET | 1901 AVENUE OF THE STARS | 1201 THIRD AVENUE |
| HOUSTON, TEXAS 77002-5096 | DALLAS, TEXAS 75202-3775 | LOS ANGELES, CALIFORNIA 90067-6029 | SEATTLE, WASHINGTON 98101-3000 |
| (713) 651-9366 | (214) 754-1900 | (310) 789-3100 | (206) 516-3880 |

WILLIAM CHRISTOPHER CARMODY
DIRECT DIAL (212) 336-8334

E-MAIL BCARMODY@SUSMANGODFREY.COM

November 18, 2014

**VIA ECF & FACSIMILE**

The Honorable James C. Francis
United States District Judge
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 18D
New York, New York 10007

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/24/14
```

Re:  *United States ex rel. Kester v. Novartis Pharmaceuticals Corp. et al.*,
     Civil Action No. 11-8196 (CM) (JCF)

Dear Judge Francis:

We represent the relator, David M. Kester, in this case, and write to bring a discovery issue to Your Honor's attention. For over seven months, Mr. Kester has sought the disclosure of critical recordings of phone calls made by one of the defendants in this case, Accredo Health Group, Inc. to patients relating to a drug called Exjade. To date, Accredo has not only failed to produce these recordings, but it has refused to provide any date on which they will be produced. Mr. Kester respectfully requests that the Court order Accredo to produce the recordings at issue on or before November 28, 2014.

I.  **Background**

Accredo is a specialty pharmacy that fills prescriptions for patients. This case concerns whether Accredo took kickbacks from Novartis, the manufacturer of a drug called Exjade, in exchange for recommending that drug to patients. The recordings of Accredo's calls with those patients are critically important to this case, as they will shed light on the propriety of Accredo's conduct, including, for example, whether or not Accredo in fact made drug recommendations to patients.

Mr. Kester initially requested these recordings on March 18, 2014. On October 2, 2014, after months of discussions and negotiations, Accredo agreed to furnish

November 18, 2014
Page 2

those recordings, which were held with one of Accredo's vendors, so long as the relator agreed to pay about $8,000 to defray the cost of producing them. While cost-sharing is unwarranted in this context, Mr. Kester agreed that same day, stressing that the recordings were of the "highest priority" and asking for a timeframe for their production. Accredo's counsel initially estimated that it would take "7 weeks give or take" for the recordings to be produced. On that timeline, the recordings would have been produced this week. Mr. Kester also requested that these recordings be produced on a rolling basis given the number of recordings (approximately 18,000). Counsel for Accredo agreed to check on the possibility of a rolling production.

No recordings have been produced to date. Mr. Kester has repeatedly asked for an update on the timing of the production of the recordings, and Accredo has failed to provide any estimates or indicate whether a rolling production is possible. On one occasion, Accredo's counsel even suggested that "[t]here is no date certain when these will be produced because – as we have discussed several times now – the vendor work orders are filled in the order they are received and we sent ours in as soon as we came to an agreement with you." Last Tuesday, Mr. Kester's counsel again asked Accredo's counsel to check on the status of the production with its vendor, and stressed Mr. Kester's hope that we could get the information that week. To date, Accredo's counsel has failed to respond.

## II.    The Recordings Should Be Produced Immediately

The recordings at issue were requested over seven months ago and are a critical source of evidence in this case. Accredo has agreed to produce these recordings, and on the timeframe that Accredo itself specified on October 2, the recordings should have been produced in full this week. Instead, Mr. Kester has no idea whether and when these recordings will be produced. This is wrong, and the delay in producing these recordings is severely prejudicing Mr. Kester. There are a little over 100 business days left in the fact discovery period, and the number of documents (millions of pages produced to date) and potential witnesses (well over a hundred) in this multi-party False Claims Act case are enormous. The urgency in obtaining these recordings is heightened because they would be highly relevant to the selection of deponents at Accredo and the questions to be asked at those depositions, and the time for taking these depositions is running short.

Accredo may point fingers at its vendor for the inability to secure a date certain when the recordings will be produced, or whether a rolling production of the recordings will be possible. But this vendor works for Accredo and was hired by Accredo to manage and store Accredo's recordings. It is implausible that Accredo cannot obtain from its own vendor a date upon which the vendor can fulfil a work order placed over a month ago, when it can furnish even one

November 18, 2014
Page 3

recording so a rolling production can begin, or whether the production of these recordings can be expedited. It is entirely unclear what efforts Accredo has made to comply with its discovery obligations in this context, and it is now time for Accredo's game of discovery rope-a-dope to come to an end.

III. **Conclusion**

For the reasons stated above, Mr. Kester respectfully requests that the Court order Accredo to produce the recordings at issue on or before November 28, 2014. We are available to discuss this issue at the Court's convenience, and we greatly appreciate the Court's attention to this matter.

Respectfully,

William Christopher Carmody

11/24/14

Application denied without prejudice to revisiting this issue if production is not made during the week of December 1, 2014.

SO ORDERED.

James C. Francis IV
USMJ