LAW OFFICES
# WILLIAMS & CONNOLLY LLP

725 TWELFTH STREET, N.W.

WASHINGTON, D. C. 20005-5901

(202) 434-5000

FAX (202) 434-5029

AMANDA M. MACDONALD
(202) 434-5416
amacdonald@wc.com

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

December 19, 2014

<u>Via ECF & Facsimile</u>

The Honorable James C. Francis
United States Magistrate Judge
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Room 18D
New York, NY 10007

    Re:   <u>United States ex rel. Kester v. Novartis Pharmaceuticals Corp. et al.</u>, 1:11-cv-08196-CM

Dear Judge Francis:

    I write on behalf of CVS Health Corporation ("CVS") in response to Relator David M. Kester's letter motion dated December 17, 2014. (dkt. no. 310). As the Court is no doubt aware, there are completely separate complaints pending in this case: complaints-in-intervention filed by the federal and state governments, and a non-intervened complaint filed by Relator. The complaints-in-intervention do not name CVS; indeed, the government expressly recognized CVS as a nonparty to its action by way of a Rule 45 subpoena. And the government ***declined*** to intervene in Relator's separate complaint against CVS. The intervened and non-intervened cases are totally distinct: they involve different drugs and different allegations. Nevertheless, Relator asks the Court to sweep CVS into the protective order governing the intervened case so that he can use discovery interchangeably—an outcome that would clearly prejudice CVS, ***which is not a party to the intervened case***. CVS respectfully requests that the Court deny Relator's motion, and instead order the parties to enter into a mutually-agreeable protective order governing the separate non-intervened case.

    On January 6, 2014, the government notified the Court that it had declined to intervene as to Relator's claims against CVS, or as to any of his allegations concerning Gleevec, Tasigna, or TOBI. *See* Jan. 8, 2014 Order, at 1. (dkt. no. 44). Since that time, Judge McMahon has

WILLIAMS & CONNOLLY LLP

The Honorable James C. Francis
December 19, 2014
Page 2

managed the cases separately, with different discovery tracks, and different trial dates.[1] In fact, at the first status conference after the case was unsealed, everyone—including Relator—agreed that the non-intervened case would be litigated separately from the outset. *See* Mar. 24, 2014 Status Hearing Tr., at 56 (Ex. A) (Relator's counsel: "CVS Caremark isn't part of the alleged scheme. . . . Maybe they can sit on the sidelines, they don't really need to be litigating that part of the case."); *see also id.* at 40 (Judge McMahon: "You can forget about the other three drugs because we're not going to litigate about them right now."). That is precisely what happened; the parties litigating the intervened drugs entered their own protective order—without CVS as a party—and proceeded with discovery in that case with CVS on the sidelines. The government served CVS a Rule 45 subpoena in connection with the intervened case, thereby recognizing its nonparty status. *See* Oct. 16, 2014 Subpoena to CVS (Ex. B). Meanwhile, discovery as to CVS and the non-intervened case were held pending resolution of various motions to dismiss.

After Judge McMahon resolved those motions[2] and ordered discovery to commence in the non-intervened case, *see U.S. ex rel. Kester v. Novartis Pharm. Corp.,* No. 11-cv-8196-CM, 2014 WL 4370597, at *19 (S.D.N.Y. Sept. 3, 2014) ("*Novartis V*"), CVS and its co-defendants proposed that the parties to the non-intervened case enter a separate protective order that would govern discovery in that case. CVS's proposed order is based upon the protective order in the intervened case, with changes to adjust for the non-intervened parties. Relator has refused to sign it, and instead demands that CVS should be *ex post facto* added to the existing protective order governing the separate intervened case (to which it is a nonparty).

Relator's motion should be rejected for two independent reasons. First, his demand that the government must be provided with all discovery in this non-intervened False Claims Act case is irreconcilable with the language of the FCA itself, and with the Supreme Court's clear and recent guidance in *United States ex rel. Eisenstein v. City of New York, New York*, 556 U.S. 928 (2009). Second, his casual suggestion that he seeks one unified protective order so that he can use documents produced in one case to litigate the other is without precedent, and would severely prejudice CVS.

---

[1] The intervened case, which concerns allegations regarding the drugs Myfortic and Exjade, is scheduled to be trial-ready on June 26, 2015; discovery in that case is nearing completion. (Sept. 19, 2014 minute entry at dkt. no. 263). The non-intervened case, which concerns allegations regarding Gleevec, Tasigna, and TOBI, is not scheduled to be trial-ready until December 2015, and discovery has only just begun. (dkt. no. 288).

[2] CVS subsequently filed a motion to dismiss Relator's Third Amended Complaint, which is pending. (dkt. no. 275).

WILLIAMS & CONNOLLY LLP

The Honorable James C. Francis
December 19, 2014
Page 3

## I. Discovery in the Non-Intervened Case Is Governed by Statute and Recent Supreme Court Precedent.

Relator's argument that the government must receive CVS's documents from the non-intervened action is contrary to established Supreme Court precedent. The government is a real party in interest to the non-intervened case; it is not a party. *See, e.g., Eisenstein*, 556 U.S. at 933 ("The United States . . . is a 'party' to a privately filed FCA action *only if it intervenes* in accordance with the procedures established by federal law. To hold otherwise would render the intervention provisions of the FCA superfluous.") (emphasis added). The Supreme Court has recently crystallized that when "the United States declines to intervene . . . [it] is thereafter limited to exercising only specific rights during the proceeding." *Eisenstein*, 556 U.S. at 932. These limitations establish what discovery the government is to receive as the real party in interest in the private action. The FCA provides that after the government declines to intervene in a case, at its request, "it shall be served with copies of all pleadings filed in the action and shall be supplied with copies of all deposition transcripts (at [its] expense)." 31 U.S.C. § 3730(c)(3).[3] By listing the specific disclosures to which the government remains entitled after declining to intervene, Congress preserved a limited "basic right of litigation for the Government," that would otherwise be unavailable to it as a nonparty. *Eisenstein*, 556 U.S. at 936. To attempt to argue otherwise, Relator cites a decade-old, out-of-circuit, unreported opinion, *United States ex rel. Stewart v. Louisiana Clinic*, No. 99-cv-1767, 2002 WL 31819130 (E.D.La. Dec. 12, 2002). But *Stewart* is bad law; it rests upon a Fifth Circuit case, *United States ex rel. Russell v. Epic Healthcare Management Group*, 193 F.3d 304 (5th Cir. 1999), that was expressly overruled by *Eisenstein*. *See* 556 U.S. at 931 n.1 (noting circuit split).

Finally, Relator suggests that public policy dictates that he must be allowed to funnel all discovery to the government, even after it has declined to intervene. Ltr. at 4. This is a non-starter. First, if Congress shared Relator's concern, it would have provided for more extensive disclosures to the government in Section 3730(c)(3). It did not. Second, Relator's cases involve the entirely separate issue of employment confidentiality provisions, not protective orders in non-intervened cases, for which Congress has articulated specific disclosure parameters. Third, Relator's argument, if correct, would mean that *no* protective order would ever be enforceable against potential government disclosure for FCA purposes.

---

[3] Consistent with this provision, when Judge McMahon unsealed the intervened complaint in January 2014, she ordered the non-intervened parties to "serve all pleadings and motions filed in that part of the action, including supporting memoranda, upon the Government" and granted the government "leave to order any deposition transcripts." Jan. 8, 2014 Order, at ¶ 8. (dkt. no. 44).

WILLIAMS & CONNOLLY LLP

The Honorable James C. Francis
December 19, 2014
Page 4

### II. Relator's Plan to Use Discovery from Separate Cases Interchangeably Would Prejudice CVS.

Relator suggests—without citation or explanation—that a single protective order for the two cases is necessary so that he is freely permitted to use in the intervened case documents produced by CVS in the non-intervened case, and vice versa. Ltr. at 4. Such a blurring of the two cases would severely prejudice CVS.

First, CVS should not have to bear the burden of scouring discovery in the intervened case—to which it is not a party—in order to defend itself in the non-intervened case. As discussed above, the cases are entirely distinct and relate to different drugs. Relator has made no allegations as to CVS concerning the two drugs at issue in the intervened case. Thus, the vast majority of documents in that case will be irrelevant to the allegations against CVS. It is absurd for Relator to argue that CVS should be responsible for weeding through millions of irrelevant documents from an entirely separate matter in order to uncover a select few that he might use in the prosecution of his separate case against CVS—surely that is **Relator's** burden.[4] Relator's backwards proposal that he be freely permitted to cherry-pick discovery obtained in one proceeding in prosecuting another is the definition of unduly burdensome. And that is why CVS's proposed protective order (or one like it) is necessary.

Second, it would be especially unreasonable to require CVS to play catch-up in discovery as to the intervened case because that case progressed on an entirely different schedule while CVS and the non-intervened case were left "on the sidelines" at Relator's own suggestion. *See* Mar. 24, 2014 Status Hearing Tr., at 56 (Ex. A) (Relator's counsel proposing that CVS "can sit on the sidelines, they do not really need to be litigating that part of the case"). Discovery in the intervened case has been underway for more than nine months; discovery as to CVS has just started.

Finally, there is no reason to treat discovery in these two cases differently than any other cases. To the extent that Relator believes CVS has documents that might be relevant to his claims in the intervened case, he must serve it with a Rule 45 nonparty subpoena, as the

---

[4] Notably, Relator has refused to do just that. Although CVS asked Relator to produce "[a]ll documents in [his] possession relating to any of [his] allegations in the [Third Amended Complaint] concerning CVS," he objected on the basis of "burden," declining to include any relevant documents that he received from another party. *See* Plaintiff David M. Kester's Responses and Objections to Defendant CVS Health Corporation's First Set of Requests for Production of Documents, at 5 (Ex. C) (refusing "to search for and produce responsive documents that were produced by a party other than [himself] in response to a discovery request or compulsory process issued in connection with this action").

WILLIAMS & CONNOLLY LLP

The Honorable James C. Francis
December 19, 2014
Page 5

government has already done.[5] To the extent that Relator wants to use relevant outside documents in the prosecution of his complaint against CVS, he must separately produce them in the non-intervened case. His broad interpretation of the protective order governing the intervened case does not require such measures, which are critical to ensure CVS has adequate notice for its defense.

### III. Conclusion.

For all of these reasons, CVS respectfully requests that the court deny Relator's motion to compel, and instead instruct the parties to enter into a mutually-agreeable separate protective order for the non-intervened case.

Finally, we are disappointed that the Relator has again sought Court intervention without completing his meet-and-confer obligations. He recently moved to compel audio recordings without notice to Accredo, even though production of those recordings was apparently imminent. *See* Nov. 21, 2014 A. Gardner Ltr. at 2. (dkt. no. 305). This Court denied that motion within days. *See* Nov. 24, 2014 Order at 3. (dkt. no. 306). Similarly, Relator filed the instant motion to compel without notice after CVS counsel advised him that it was reviewing his email and discussing his position internally and with the company's co-defendants. Relator's rush to file unnecessary motions to compel is a waste of the parties' and the Court's resources.

Respectfully,

*Amanda M. MacDonald /NGG*

Amanda M. MacDonald

---

[5] Of course, there are special protections afforded to nonparty subpoena recipients to protect them from unreasonably burdensome discovery. *See, e.g., Fleisher v. Phoenix Life Ins. Co.*, No. 11-cv-8405-CM-JCF, 2013 WL 42374, at *5 (S.D.N.Y. Jan. 3, 2013) ("Rule 45 directs courts to minimize the burden on nonparties.").