LAW OFFICES

## WILLIAMS & CONNOLLY LLP

725 TWELFTH STREET, N.W.

WASHINGTON, D. C. 20005-5901

(202) 434-5000

FAX (202) 434-5029

AMANDA M. MACDONALD
(202) 434-5416
amacdonald@wc.com

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

January 12, 2015

Via ECF & Facsimile

The Honorable James C. Francis
United States Magistrate Judge
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Room 18D
New York, NY 10007

   Re: *United States ex rel. Kester v. Novartis Pharmaceuticals Corp. et al.*, 1:11-cv-08196-CM

Dear Judge Francis:

   I write on behalf of CVS Health Corporation ("CVS") regarding an ongoing discovery dispute in the non-intervened case brought by Relator David M. Kester.[1]  The purpose of this letter is to seek a protective order preventing Relator from imposing an undue discovery burden by dumping on CVS the entirety of the documents produced in the intervened case, which are largely irrelevant and number into the tens of millions of pages.  In the alternative, CVS seeks reconsideration of the Court's December 29th Order.

   CVS respectfully submits that this issue has not yet been decided by the Court.  Relator apparently disagrees, and consequently CVS makes this motion within the period for reconsideration of the Court's December 29th Order to avoid any suggestion that the issue is untimely raised.  On December 17, Relator moved to compel CVS to execute the Protective Order that had been negotiated and signed by the parties to the intervened case.  In the course of

---

[1] As the Court is aware, there are effectively two cases proceeding under the caption above.  Fact discovery in the intervened case, involving the drugs Exjade and Myfortic, is close to completion; the parties' document productions run into the tens of millions of pages, and those parties are embarking on several dozen depositions.  That case is set for trial in June.  Fact discovery in the non-intervened case involving Gleevec, Tasigna and TOBI—the only case in which CVS is a defendant—has just begun; that case is not scheduled for trial until December.

WILLIAMS & CONNOLLY LLP

The Honorable James C. Francis
January 12, 2015
Page 2

that dispute, CVS raised two issues: first, whether the government would have access to the documents that CVS produced during discovery in the non-intervened case; and second, whether Relator would be allowed to use any documents produced in the non-intervened case in the intervened case for any purpose (and vice versa). On December 29, the Court granted Relator's motion based on the first issue.[2] (Dkt. 314). The Court's ruling was silent as to the second.

However, since that time, CVS has attempted to reach agreement with Relator as to the second issue. Relator has refused to entertain CVS's reasonable request that he include in his discovery responses only documents from the intervened case that are relevant to his claims in the non-intervened case. Instead, citing the Court's December 29th Order, Relator announced his intention to simply turn over the entirety of the documents produced in the intervened case, regardless of their relevance to the non-intervened case. CVS respectfully does not understand the Court to have addressed, much less authorized, such an approach.[3]

Relator seeks to impose on CVS the burden of reviewing tens of millions of pages of documents produced in the intervened case, in order to defend itself against the significantly different claims that he alleges in the non-intervened case. This approach would impose a staggering and undue burden on CVS, which would be forced to incur enormous costs in reviewing millions of pages of irrelevant discovery from a case involving different defendants (not CVS), different claim periods, different contracts, and different drugs, all in an effort to attempt to determine somehow which documents Relator might use in his case against CVS. The Court should order Relator to produce to CVS only those documents that are relevant to the non-intervened case against CVS, and prohibit Relator from burying those relevant documents among the millions of pages of irrelevant documents from the intervened case.

CVS issued its first document requests to Relator on October 17, 2014. These requests generally sought documents relevant to Relator's allegations against CVS. *See, e.g.*, CVS Health

---

[2] To be clear, CVS does not seek to revisit the issue that the Court clearly did decide: whether the government may receive documents CVS produces during discovery. It only seeks limited reconsideration of the burden issue, to the extent the Court intended to reach it. *See, e.g.*, *Freedman v. Weatherford Int'l Ltd.*, No. 12-cv-2121 LAK JCF, 2014 WL 4547039, at *2 (S.D.N.Y. Sept. 12, 2014) (motion for reconsideration may be granted where the moving party can point to information the court "overlooked").

[3] The Protective Order itself does not answer the question of how documents from the intervened case can be used in the non-intervened case; it simply notes that documents produced pursuant to the Protective Order cannot be used for any purpose other than conducting the ongoing litigations. *See* Protective Order, ¶ 14. (Dkt. 232). In that respect, the Protective Order concerned confidentiality limitations on discovery, whereas this dispute concerns burdens and obligations associated with that discovery.

WILLIAMS & CONNOLLY LLP

The Honorable James C. Francis
January 12, 2015
Page 3

Corporation's First Request for Production of Documents to Relator David M. Kester at 6, No. 5 (Ex. A) ("All documents in your possession relating to any of your allegations in the TAC concerning CVS."). Relator originally refused to include relevant documents produced to and reviewed by him in the intervened case in response to CVS's requests. *See* Plaintiff David M. Kester's Responses and Objections to Defendant CVS Health Corporation's First Set of Requests for Production of Documents, at 5 (Ex. B) (refusing "to search for and produce responsive documents that were produced by a party other than [himself] in response to a discovery request or compulsory process issued in connection with this action"). Relator now takes the position that he can meet his discovery obligations by simply turning over the tens of millions of pages that were produced to him and to the government in the intervened case—documents that must be largely irrelevant to his claims against CVS. *See* Jan. 9, 2015 E-mail from M. Berry (Ex. C) (stating that Relator will only provide "a copy of the productions that [Relator] has received"). The government declined to intervene as to Relator's allegations against CVS, instead filing its own complaint relating to different defendants and different drugs. Having chosen to continue to pursue his claims against CVS on his own, Relator cannot refuse to participate in concerning those claims.

Producing parties "have a burden to select and produce the items requested rather than simply dumping large quantities of unrequested materials onto the discovering party along with the items actually sought under Rule 34." 8B Charles A. Wright et al., *Federal Practice and Procedure* § 2213 (3d ed. 2012); *see also ReedHycalog UK, Ltd. v. United Diamond Drilling Servs.*, No. 6:07-cv-251, 2008 U.S. Dist. LEXIS 93177, at *7-*8 (E.D.Tex. Oct. 3, 2008) ("a party may not frustrate the spirit of the discovery rules—open, forthright, and efficient disclosure of information potentially relevant to the case—by burying relevant documents amid a sea of irrelevant ones") (collecting cases); *Rothman v. Emory Univ.*, 123 F.3d 446, 455 (7th Cir. 1997) (upholding discovery sanctions where plaintiff "rebuffed his obligation to sort through the documents and produce only those responsive to [the defendant's] request").

Relator does not deny that a huge number of the documents produced in the intervened case will be irrelevant to his claims against CVS. Nor can he: the intervened case involves different drugs treating different diseases, and different contracts than those at issue in the case against CVS. Relator's proposal that CVS should weed through productions totaling tens of millions of pages of irrelevant intervened documents in order to defend itself against his non-intervened claims plainly falls short of his Rule 34 obligations.[4] *See* Wright et al. § 2213. Indeed, his plan would impose a "strikingly expensive" and "undue hardship" upon CVS. *See*

_____

[4] CVS cannot simply search the productions for "CVS" to identify relevant documents because Relator may rely on documents that he believes are descriptive of or applicable to all pharmacies, but that do not identify CVS by name. In addition, courts have rejected the view that search functionality is sufficient to mitigate the burden associated with a data dump production. *See S.E.C. v. Collins & Aikman Corp.*, 256 F.R.D. 403, 411 (S.D.N.Y. 2009).

WILLIAMS & CONNOLLY LLP

The Honorable James C. Francis
January 12, 2015
Page 4


*S.E.C. v. Collins & Aikman Corp.*, 256 F.R.D. 403, 411 (S.D.N.Y. 2009) (rejecting plaintiff's proposal that discovery recipient should review "ten million pages" of discovery in search of relevant documents). Furthermore, Relator has not identified any legitimate reason why he cannot limit his productions to CVS to relevant documents. It is hard to imagine what burden he could possibly claim, considering he, unlike CVS, already will have reviewed many if not all of those documents as part of his participation as a plaintiff in the intervened case. *See id.* ("It is patently inequitable to require a party to search ten million pages to find documents already identified by its adversary as supporting the allegations of a complaint."). This case presents a burden that is a multiple beyond the one in *Collins & Aikman*, where Judge Scheindlin ordered that the plaintiff had to provide the defendants with "the documents that respond to [their] requests;" surely that would be the equitable result here as well. *See id.* at 407, 413.

CVS respectfully requests that the Court order Relator to include the relevant documents from the intervened case, and only those documents from the intervened case, in his discovery responses to CVS. Alternatively, CVS proposes the Court order Relator to disclose, perhaps ten days prior to each deposition in the non-intervened case, the documents produced in the intervened case which he intends to use in that deposition.


Respectfully,

Amanda M. MacDonald / NGG

Amanda M. MacDonald