SUSMAN GODFREY L.L.P.

A REGISTERED LIMITED LIABILITY PARTNERSHIP

15TH FLOOR
560 LEXINGTON AVENUE
NEW YORK, NEW YORK 10022-6828
(212) 336-8330
FAX (212) 336-8340
WWW.SUSMANGODFREY.COM

| Suite 5100 | Suite 5100 | Suite 950 | Suite 3800 |
|---|---|---|---|
| 1000 Louisiana Street | 901 Main Street | 1901 Avenue of the Stars | 1201 Third Avenue |
| Houston, Texas 77002-5096 | Dallas, Texas 75202-3775 | Los Angeles, California 90067-6029 | Seattle, Washington 98101-3000 |
| (713) 651-9366 | (214) 754-1900 | (310) 789-3100 | (206) 516-3880 |

William Christopher Carmody                                   E-Mail BCarmody@susmangodfrey.com
Direct Dial (212) 336-8334

March 3, 2015

VIA ECF & HAND DELIVERY

Hon. James C. Francis
United States Magistrate Judge
U.S. Courthouse, 500 Pearl Street
New York, NY 10007

Re:   *United States* ex rel. *Kester v. Novartis Pharmaceuticals Corp.*,
       11 Civ. 8196 (CM) (JCF)

Dear Judge Francis:

On behalf of Relator David M. Kester, we write in advance of Wednesday's teleconference to respond to Novartis's letter from yesterday (Dkt. 357). Less than sixty days before the close of fact discovery, Novartis announced that it planned a waiver of the attorney-client privilege. In its letter, Novartis concedes, as it must, that the scope of the waiver is broad: Novartis has agreed to produce "***all*** documents ***relevant*** to legal advice concerning the Exjade activities challenged by the Government and the Relator," (*id.* at 2), that such documents will ***not*** be limited to documents specifically concerning Exjade, (*id.*), and that "***any*** documents provided to counsel in connection with such advice and any responsive drafts, attorney notes and attorney-to-attorney communications." (*Id.*) However, we are concerned about the timing of Novartis's waiver and its production of documents, and the disclosure to date suggests that despite its rhetoric, Novartis plans to improperly "cherry pick" the documents it will produce.

***First***, while Novartis claims that it was diligent in investigating the issue of waiver, that is belied by the facts. Novartis concedes that it denied relying on an "advice of counsel" defense last July, but argues that its change of tune was motivated by, *inter alia*, this Court's denial of a motion to compel unrelated documents from the Government that, Novartis claims, would have been relevant to Novartis's "good faith." Putting aside the dubious connection between that

March 3, 2015
Page 2

motion and Novartis's waiver of privilege, the Court's decision was in November, some *two months* before Novartis finally announced it was waiving privilege. As early as December, Kester was pressing Novartis to disclose its privilege positions in a log, and those discussions continued over the last few months. At no time did Novartis even suggest it was considering a waiver of privilege.

*Second*, Novartis's disclosures to date show that despite its late-breaking waiver decision, it still plans to withhold relevant documents on dubious claims of privilege. To give some examples:

- Novartis continues to withhold or redact 553 documents that request or provide "legal advice regarding contracting/interactions with specialty pharmacies." These are exactly the "contracting/interactions" that are at the heart of this action, and exactly the type of documents no longer subject to privilege. And yet the log simply declares, without further explanation, that all these documents are "not covered by NPC's waiver."

- Exhibit 1 is a newly unredacted email in which a Novartis employee, Paul Pochtar, instructs his subordinates to "think through" how to implement the Exjade scheme "*based upon* recent legal guidance relative to *Tasigna/Gleevec* Specialty Pharmacy agreements." (Emphasis added.) Yet this "recent legal guidance" is not among the 137 documents that Novartis produced last Friday, and it appears that Novartis has instead withheld this document, having deemed it not to be "covered by NPC's waiver." Novartis cannot purport to waive privilege while at the same time withholding relevant documents, just because they involve different drugs.

- Exhibit 2 is an email exchange between another Novartis employee, Emily Chee, and Elizabeth McGee, the Novartis in-house lawyer responsible for providing advice about the AKS. Novartis has improperly redacted half of the email. The *unredacted* half shows that Chee is asking for legal advice on the new Exjade "rotation" (*i.e.*, referral scheme at issue in this case). Novartis's log asserts that the remaining redactions, although they contain "legal advice regarding contracting/interactions with specialty pharmacies," are "not covered by NPC's waiver." Privilege Log (Exhibit 3), Entry 298. This designation is improper on its face.

- Novartis has failed to identify any "legal advice" that it has relied on, nor has it produced any documents reflecting legal advice from Joe Metro, one of the two witnesses Novartis plans to present at trial.

March 3, 2015
Page 3

These are just some examples of Novartis's continued withholding of evidence. Actions speak louder than words, and Novartis's actions suggest that despite its waiver, it will continue to withhold relevant documents that should be produced.

***Third***, Novartis's belated acknowledgement of its waiver has upended the schedule of Exjade-related depositions. Novartis claims that the depositions can go forward as planned but remain "open," but this is a wasteful approach that will potentially cost hundreds of thousands of dollars in attorney time and expenses given the number of parties and deponents at issue, many of whom—from the documents produced to date—received or reviewed legal advice that still has not been produced. Further, once Novartis produces all the documents it intends to produce, there are bound to be issues concerning missing custodians, third parties that need to be subpoenaed, and missing documents.

So that the depositions can go forward in the most efficient manner possible, and consistent with the April 17, 2015 close of discovery ordered by Judge McMahon, Relator respectfully requests an order that Novartis shall produce, by Friday, all of the documents as to which privilege has been waived, and that Novartis identify, by BATES number, each document containing legal advice on which Novartis intends to rely for its defense.

Novartis claims that this schedule for production is infeasible, and offers that it will finish its production in "mid-March," without giving a precise date. But this can't be true, given that Novartis has been internally vetting the waiver issue since ***November***, announced its decision weeks ago, and has three large law firms on the case. Novartis has the right to evaluate its rights in a deliberate manner, but it doesn't have the right to tactically delay the production of documents to maximize its litigation advantage, which is what it has been doing to date.

For the foregoing reasons, we respectfully request the Court's assistance in compelling Novartis to produce, by Friday, all of the documents as to which privilege has been waived, and that Novartis identify, by BATES number, each document containing legal advice on which Novartis intends to rely for its defense.

Sincerely,

William Christopher Carmody