SUSMAN GODFREY L.L.P.
A REGISTERED LIMITED LIABILITY PARTNERSHIP
15TH FLOOR
560 LEXINGTON AVENUE
NEW YORK, NEW YORK 10022-6828
(212) 336-8330
FAX (212) 336-8340
WWW.SUSMANGODFREY.COM

_____

| SUITE 5100 | SUITE 5100 | SUITE 950 | SUITE 3800 |
|---|---|---|---|
| 1000 LOUISIANA STREET | 901 MAIN STREET | 1901 AVENUE OF THE STARS | 1201 THIRD AVENUE |
| HOUSTON, TEXAS 77002-5096 | DALLAS, TEXAS 75202-3775 | LOS ANGELES, CALIFORNIA 90067-6029 | SEATTLE, WASHINGTON 98101-3000 |
| (713) 651-9366 | (214) 754-1900 | (310) 789-3100 | (206) 516-3880 |

WILLIAM CHRISTOPHER CARMODY
DIRECT DIAL (212) 336-8334

E-MAIL BCarmody@susmangodfrey.com

March 18, 2015

Hon. James C. Francis
United States Magistrate Judge
U.S. Courthouse, 500 Pearl Street
New York, NY 10007

      Re:    *United States* ex rel. *Kester v. Novartis Pharmaceuticals Corp.*, 11 Civ. 8196 (CM) (JCF)

Dear Judge Francis:

      On behalf of relator David M. Kester, we write further to the Government's March 16, 2015, letter concerning Novartis's waiver of privilege due to its assertion of a "good faith" defense. Gov't Letter at 1 [ECF 372]. Another defendant in the case, Accredo, has also announced that it plans to assert a "good faith" defense to plaintiffs' claims.[1] But after meeting and conferring on the issue, Accredo refuses to turn over any privileged communications bearing on the legality of its conduct.[2] However, as the Government observed in its letter, by raising affirmative defenses that put its good faith or lack of scienter at issue, Accredo has implicitly waived its attorney-client privilege over these communications. Accredo should not be permitted to argue that it believed its conduct was lawful—even if it wasn't—while hiding communications directly bearing on that issue.

---

[1] *See* Accredo and CuraScript Answer [ECF 326], Affirmative Defense 23 ("[A]ny actions taken by Accredo and CuraScript with respect to the subject matter of the Complaint were taken in good faith compliance with all applicable federal and state regulations."); *id.* Affirmative Defense 9 (alleging that Accredo and CuraScript did not "'knowingly and willfully' solicit or receive" kickbacks).

[2] After discussions concerning whether Accredo would voluntarily waive privilege, counsel for Accredo notified relator that "[w]e have no intent to waive or put at issue legal advice sought or received by Accredo."

March 18, 2015
Page 2

      The authorities cited in the Government's letter-motion apply with equal force to Accredo. *See* Gov't Letter at 2 (citing several circuit and district court opinions supporting the waiver of privilege in this context). By injecting its supposed good faith and lack of scienter into this case, Accredo has thereby "implicitly waived" the privilege. *United States v. Bilzerian*, 926 F.2d 1285, 1292 (2d Cir. 1991). Specifically, Accredo has waived privilege over any communications "relating to the legality of the transactions that form the basis of Plaintiff's claims." *Barker ex rel. U.S. v. Columbus Reg'l Healthcare Sys., Inc.*, No. 4:12-CV-108 CDL, 2014 WL 4287744, at *3 (M.D. Ga. Aug. 29, 2014) (in *qui tam* suit, defendant corporation waived attorney-client privilege by asserting its belief that its purchase of health-care business was lawful). This is true even if Accredo does not intend to itself rely on legal advice as part of its defense. *Bilzerian*, 926 F.2d at 1292 (privilege implicitly waived even though defendant "would not have disclosed the content or even the existence of any privileged communications or asserted a reliance on counsel defense"); *Cox v. Adm'r U.S. Steel & Carnegie*, 17 F.3d 1386, 1418 (11th Cir.), *opinion modified on reh'g*, 30 F.3d 1347 (11th Cir. 1994) (in civil RICO suit, corporation implicitly waived attorney-client privilege by asserting that it "believed [its] policy to be lawful," even though corporation also "denied any intent to assert a defense of advice of counsel or to rely on any privileged attorney-client communications in its defense"); *Barker*, 2014 WL 4287744, at *4 (privilege waived even though defendant "does not intend to raise an advice of counsel defense," and "does not intend to rely on attorney-client communications").

      This issue is ripe for the Court's decision and, Relator submits, can and should be resolved based on the same legal principles and authorities the Government has set forth in its letter-motion.[3]

Respectfully,

William Christopher Carmody

---

[3] This privilege issue may also arise in connection to the follow-on case relating to the drugs Gleevec, Tasigna, TOBI, and TOBI Podhaler that is scheduled for trial in December. Relator focuses on Accredo here because it is a defendant in the first case scheduled for trial concerning Myfortic and Exjade. This case is currently set for trial on June 26, 2015.