SUSMAN GODFREY L.L.P.

A REGISTERED LIMITED LIABILITY PARTNERSHIP

15TH FLOOR

560 LEXINGTON AVENUE

NEW YORK, NEW YORK 10022-6828

(212) 336-8330

FAX (212) 336-8340

WWW.SUSMANGODFREY.COM

| SUITE 5100 | SUITE 5100 | SUITE 950 | SUITE 3800 |
|---|---|---|---|
| 1000 LOUISIANA STREET | 901 MAIN STREET | 1901 AVENUE OF THE STARS | 1201 THIRD AVENUE |
| HOUSTON, TEXAS 77002-5096 | DALLAS, TEXAS 75202-3775 | LOS ANGELES, CALIFORNIA 90067-6029 | SEATTLE, WASHINGTON 98101-3000 |
| (713) 651-9366 | (214) 754-1900 | (310) 789-3100 | (206) 516-3880 |

STEVEN M. SHEPARD

(212) 336-8330

E-MAIL SSHEPARD@SUSMANGODFREY.COM

March 18, 2015

**VIA ECF & FACSIMILE**
212-805-6326

The Honorable Colleen McMahon
United States District Court
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Chambers 1640
New York, New York 10007-1312

Re:    *United States ex rel. Kester v. Novartis Pharmaceuticals Corp. et al.,*
       Civil Action No. 11-8196 (CM) (JCF)

Dear Judge McMahon:

I write on behalf of relator David M. Kester.  In connection with CVS's motion to dismiss the complaint, which was denied in relevant part by the Court, CVS argued that relator violated HIPAA by receiving information that disclosed the identity of patients.  We disputed that any such information had been furnished to us, and we also noted that no such information would be used in this case.

After the Court's decision, and in response to discovery requests by CVS, we reviewed again the information we had received from the States. While we did not receive any information that disclosed to us the identity of any patient, we noticed that the extensive data received from one state, Illinois, inadvertently included a field labeled "Recipient ID."  We had not noticed this field previously, nor had we requested it.  The field contains a nine-digit number associated with each claim.  We promptly checked as to what those numbers were, and we learned that these are patient identification numbers used by Illinois in administering its Medicaid system.  While we do not have the ability to use these numbers to

March 18, 2015
Page 2

identify any patient, in an abundance of caution we notified CVS and advised the parties that we had no intention of using this information, and would destroy it absent objection. Relator and CVS are continuing to meet and confer on this issue.

We write the Court because we had disclaimed in our brief having received any "individually-identifiable health information." Relator's Opposition to Pharmacy Defendants' Motions to Dismiss 15 [ECF 295]. While we did not receive any information that would enable us to associate any Recipient ID number with an individual patient, we wanted the record to be 100% clear as to exactly what information we had received.

This information was certainly not disclosed to us in violation of HIPAA. The Illinois Attorney General's Office (who disclosed the information to us) is not a "covered entity" under HIPAA. Neither are we. Because the information at issue was neither produced nor received by a "covered entity," no HIPAA violation can have occurred. *See* Executive Order No. 13181, 65 Fed. Reg. 81321 ("HIPAA applies only to 'covered entities,' such as health care plans, providers, and clearinghouses. HIPAA regulations therefore do not apply to other organizations and individuals that gain access to protected health information."). And we did not "knowingly" receive information in violation of HIPAA. 42 U.S.C. § 1320d-6(a)(1). To the contrary, we discovered we had the Recipient ID data only recently, and we promptly investigated the issue and then notified the parties about it.

Moreover, it is undisputed that we have not used this data in this case. That was CVS's argument in its motion to dismiss, that to the extent Relator had re-pled his claims ***using*** data that had been obtained in violation of HIPAA, his claims should be dismissed. No one contends that we used the Recipient IDs in any way in this case, nor do we intend to. In fact, as our correspondence to the parties made clear, absent objection we will promptly destroy this data, which we never requested.

We thank the Court for its attention to this matter, and we are available to answer any questions that the Court may have.

Respectfully,

Steven M. Shepard