*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

March 20, 2015

**BY ECF**

Honorable Colleen McMahon
United States District Judge
United States Courthouse, 500 Pearl Street
New York, NY 10007

    Re:    *United States* et al. ex rel. *Kester v. Novartis Pharmaceuticals, Corp.*, et al., 11 Civ. 8196 (CM) (JCF)

Dear Judge McMahon:

    On behalf of the United States (the "Government"), we write respectfully to bring to the Court's attention the latest example of Novartis's late and inadequate productions relating to its purported advice-of-counsel defense that impede the Government's ability to refute that defense.

    On Tuesday, and after receiving a large volume of documents from Novartis, plaintiffs sought Novartis's consent for a brief extension of the discovery schedule. Novartis objected to that request. However, even as it objected to an extension, Novartis was still withholding – despite having been ordered by Judge Francis to complete its waiver production last Friday – documents reflecting discussions between Elizabeth McGee and Joseph Metro, the two lawyers that Novartis intends to call at trial, regarding a plan to allocate patient referrals based on the Exjade pharmacies' refill rates ― the crux of the Exjade claims in this case.

    The Government finally received these documents from Novartis yesterday,[1] and these documents confirm the concern raised in our March 17th letter — plaintiffs need time to review Novartis's 500,000-page privilege waiver production, challenge improper redactions, and take further discovery just to understand the basic facts of the purported advice-of-counsel defense. For example, one of the documents we received yesterday is a handwritten note from Mr. Metro showing that, on May 14, 2008, he advised Novartis to "keep [] away from" using "'compliance'" as one of the "criteria" for allocating patient referrals among the Exjade pharmacies.[2] *See* NPCSP_LIT40563991. To understand whether and, if so, when and why Mr. Metro changed his mind, plaintiffs need to review the 500,000 other pages Novartis produced on March 13 and, most likely, to seek documents from Mr. Metro's law firm by subpoena.[3]

    The additional documents we received yesterday also confirm that Novartis is improperly limiting the scope of its "waiver" and continues to withhold and redact documents that "ought in

---

    [1]    Novartis's production cover letter states these documents were "inadvertently omitted."

    [2]    A sample from yesterday's production – consisting of five pages of Mr. Metro's notes – is attached as Exhibit A to this letter. Novartis designated these pages confidential; thus, we are filing them under seal.

    [3]    As we explained on March 17, Novartis did not produce a memorandum setting forth the facts provided to counsel and the legal advice given. We also did not receive that yesterday.

fairness to be considered" in evaluating its advice-of-counsel defense.  Fed. R. Evid. 502(a).  For instance, Novartis made redactions throughout Mr. Metro's hand-written notes documenting his conversations with Ms. McGree, *see, e.g.*, NPCSP_LIT40563990, thereby preventing plaintiffs from being able to understand the context of these discussions or effectively use these documents to depose likely trial witnesses.  Plaintiffs are working on a motion to Judge Francis to challenge these redactions and other deficiencies with Novartis's productions.

We respectfully submit that this example underscores how Novartis's repeated delays and incomplete productions are impeding the Government's ability to refute the purported advice-of-counsel defense.  These delays warrant a brief extension of the discovery deadlines, which will afford plaintiffs a reasonable opportunity to obtain *all* the relevant records (including by subpoenaing Mr. Metro's firm, Reed Smith) and to challenge the improper redactions.

We thank the Court for its consideration of this letter.

        Respectfully,

        PREET BHARARA
        United States Attorney

By:      */s/*
        LI YU
        REBECCA C. MARTIN
        PETER M. ARONOFF
        Assistant United States Attorneys
        86 Chambers Street, 3rd Floor
        New York, NY 10007
        Tel.:  (212) 637-2734/2714/2697

Encl.

cc:    (By ECF)
       Counsel for the Litigating States
       Counsel for the Relator
       Counsel for Novartis
       Counsel for Accredo and CuraScript
       Counsel for CVS