# SUSMAN GODFREY L.L.P.

A REGISTERED LIMITED LIABILITY PARTNERSHIP

15TH FLOOR
560 LEXINGTON AVENUE
NEW YORK, NEW YORK 10022-6828
(212) 336-8330
FAX (212) 336-8340
www.susmangodfrey.com

_____

| Suite 5100 | Suite 5100 | Suite 950 | Suite 3800 |
| 1000 Louisiana Street | 901 Main Street | 1901 Avenue of the Stars | 1201 Third Avenue |
| Houston, Texas 77002-5096 | Dallas, Texas 75202-3775 | Los Angeles, California 90067-6029 | Seattle, Washington 98101-3000 |
| (713) 651-9366 | (214) 754-1900 | (310) 789-3100 | (206) 516-3880 |

William Christopher Carmody
Direct Dial (212) 336-8334

E-Mail BCarmody@susmangodfrey.com

March 23, 2015

**VIA ECF & FACSIMILE**

The Honorable Colleen McMahon
United States District Court, SDNY
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Chambers 1640
New York, New York 10007-1312

Re: *United States ex rel. Kester v. Novartis Pharmaceuticals Corp. et al.*,
Civil Action No. 11-8196 (CM) (JCF)

Dear Judge McMahon:

We write on behalf of the relator, David M. Kester ("Relator") to support the Government's request for an extension of the discovery and trial schedule in this case. (ECF No. 373) After the Government's letter was filed, and in contravention of Judge Francis's March 13 deadline for production all privilege waiver documents, Novartis produced another <u>700,000</u> pages of documents last Friday night at 8:30 pm, including documents that, as Novartis has acknowledged, were produced subject to its privilege waiver. Novartis omits any mention of this production in its letter to the Court today.

Last Friday's production brings the total documents produced by Novartis in the last ten days in connection with its privilege waiver to over <u>1 million</u> pages, a month before the close of fact discovery. These include some of the most important documents in the case: documents that are directly relevant to Novartis's advice-of-counsel defense but previously were withheld as privileged as well as documents from the files of crucial custodians who are scheduled to be deposed in the remaining weeks of discovery. Adding insult to injury, Novartis failed to promptly produce the custodian metadata for the first wave of its productions, and only provided such information late last week — after Plaintiffs noticed it was missing and asked repeatedly for it to be produced.

March 23, 2015
Page 2

Given Novartis's delays, Plaintiffs only now are able to begin reviewing the Novartis's "privilege waiver" productions. While Plaintiffs are committed to diligently reviewing these documents and to promptly completing the necessary depositions, it is unfair for Novartis to have delayed the production of documents it has spent <u>months</u> (if not more) reviewing internally and then force Plaintiffs to review these same documents and prepare for depositions (including of new witnesses who have information relevant to the advice-of-counsel defense) in a matter of <u>days</u>. This is an abuse of the schedule the Court set last September.

For the reasons above and those in the Government's letter of March 17, Relator respectfully joins the Government's request for an extension of the discovery and trial schedule in this case.


Respectfully,

*[signature]*

William Christopher Carmody