# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* DAVID M. KESTER, et al., </br></br>  Plaintiffs, </br></br> v. </br></br> NOVARTIS PHARMACEUTICAL CORPORATION, et al., </br></br>  Defendants. | Civil Action No. </br></br> 1:11-cv-08196 (CM)(JCF) </br></br> ECF CASE |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS IN A CIVIL ACTION

TO:  Stephen W. Preston
     General Counsel
     Department of Defense
     1400 Defense Pentagon
     Washington, DC 20301-1400

**YOU ARE COMMANDED** to produce at the time, date, and place set forth below the documents, electronically stored information, or objects set forth in the Exhibit attached to this subpoena on or before May 18, 2015, to Andres C. Healy, c/o Susman Godfrey, LLP, 15th Floor, 560 Lexington Avenue, New York, NY 10022-6828, or as otherwise agreed.

The name, address, e-mail address, and telephone number of the attorney representing Relator David M. Kester, who requested the Court issue this subpoena, are:

Andres C. Healy
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
andreshealy@susmangodfrey.com
Telephone: (206) 505-3843

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/27/15

1

3675357v1/014136

Furthermore, the following provisions of Fed. R. Civ. P. 45 (as set forth at page 3 of the Court's form Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (AO 88B (Rev. 12/13)) are attached: Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: April 27, 2015

*James C. Francis IV* (signature)

The Honorable James C. Francis
United States District Court
for the Southern District of New York

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:11-cv-08196 (CM)(JCF)

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* 

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

*United States ex rel. Kester v. Novartis, et al.*
Exhibit to Subpoena to DoD General Counsel

# Exhibit
# DOCUMENT REQUESTS

## INSTRUCTIONS

1. Documents are to be produced which are in your possession or control, as well as the possession or control of your employees, agents, or representatives.

2. Each request is a continuing one. If subsequent to complying with this request, you obtain or become aware of any additional documents, please serve them upon Relator through his counsel.

## DEFINITIONS

1. Applicable Period means March 1, 2010, to the present.

2. Covered Drug Products include Exjade Covered Drug Products, Gleevec Covered Drug Products, Myfortic Covered Drug Products, Tasigna Covered Drug Products, TOBI Covered Drug Products, and TOBI Podhaler Covered Drug Products.

3. Date of Service means the date the prescription was dispensed to the patient.

4. Exjade Covered Drug Products include the following medications:

   Exjade (chemical name: deferasirox), when sold with any of the following National Drug Control (NDC) Numbers:

   a. 00078046815
   b. 00078046915
   c. 00078047015

5. Gleevec Covered Drug Products include the following medications:

   Gleevec (chemical name: imatinib mesylate), when sold with any of the following National Drug Control (NDC) Numbers:

   a. 00078037366
   b. 00078040105
   c. 00078040134
   d. 00078040215
   e. 00078043815
   f. 54569584600

3673199v2/014136

*United States ex rel. Kester v. Novartis, et al.*
Attachment A to Subpoena to DOD General Counsel

    g.    54868528900
    h.    54868528901
    i.    54868528902
    j.    54868528903
    k.    54868528904
    l.    54868542700
    m.    54868542701
    n.    54868542702
    o.    54868542703
    p.    68258902801

6.    Myfortic Covered Drug Products include the following medications:

Myfortic (chemical name: mycophenolic acid), when sold with any of the following NDC Numbers:

    a.    00078038566
    b.    00078038666

7.    Tasigna Covered Drug Products include the following medications:

Tasigna (chemical name: nilotinib), when sold with any of the following NDC Numbers:

    a.    00078059251
    b.    00078059287
    c.    00078052651
    d.    00078052687

8.    TOBI Covered Drug Products include the following medications:

TOBI (chemical name: tobramycin), when sold with any of the following NDC Numbers:

    a.    00078049461
    b.    00078049471
    c.    53905006501
    d.    53905006504
    e.    J-Code J7682
    f.    J-Code J7685

9.    TOBI Podhaler Covered Drug Products include the following medications:

TOBI Podhaler (chemical name: tobramycin inhalation solution), when sold with any of the following NDC Numbers:

*United States ex rel. Kester v. Novartis, et al.*
Attachment A to Subpoena to DOD General Counsel

    a.    00078063011
    b.    00078063035
    c.    00078063056

**REQUESTS**

1. For each Covered Drug Product, provide information from the following data fields or the closest comparable data fields for all claims with a date of service within the Applicable Period reimbursed by a TRICARE or CHAMPUS plan:

    1. PDE-HICN
    2. PDE-Cardholder ID
    3. Bene_Name
    4. Bene_Last_Name
    5. Bene-Date of Birth
    6. Bene-FIPS State Code
    7. Bene-Zip Code
    8. SC-Contract Number
    9. SC-PBP Number
    10. SC-Contract Name
    11. Bene-Gender
    12. Date-Date of Service
    13. Date-IDR Process Dt
    14. PDE-Fill No
    15. Drug-FDB NDC Code
    16. Drug-FDB Product Name
    17. Drug-MDDB NDC Code
    18. Drug-MDDB Product Name
    19. Drug-Generic name
    20. PDE-Rx Service Ref No
    21. PDE-Quantity Dispensed
    22. PDE-Package Size Unit of Measure
    23. PDE-Compound Code
    24. PDE-Days Supply
    25. PDE-Claim Control No
    26. PDE-Adj/Del Code
    27. PDE-Dispensing Status Code
    28. PDE-Drug Coverage Status Code
    29. PDE-Non-std Format Code
    30. PDE-Pricing Exception Code
    31. PDE-Plan Change Reason Code
    32. PDE-Prescription Origin Code
    33. PDE-Catastrophic Coverage Code
    34. PDE-PDE Cnt
    35. PDE-Vaccine Admin Fee Amt

3673199v2/014136

*United States ex rel. Kester v. Novartis, et al.*
Attachment A to Subpoena to DOD General Counsel

      36.    PDE-Rebate at POS Amt
      37.    Prvdr-Provider Num
      38.    Prvdr-Provider Qualifier Code
      39.    Prscrbr-Prescriber ID per PDE
      40.    PDE-GDCB Amt
      41.    PDE-GDCA Amt
      42.    PDE-Patient Paid Amt
      43.    PDE-Other TrOOP Amt
      44.    PDE-CPP Amt
      45.    PDE-NPP Amt
      46.    PDE-Ingredient Cost Amt
      47.    PDE-Dispensing Fee
      48.    PDE-LICS Amt
      49.    PDE-PLRO Amt
      50.    PDE-Sales Tax
      51.    PDE-DAW Code
      52.    Multi_source
      53.    early_fill
      54.    NCPDP_pharmacy_name
      55.    pharmacy_address
      56.    pharmacy_city
      57.    pharmacy_state
      58.    pharmacy_zipcode
      59.    Reinsurance
      60.    Risk_Sharing
      61.    Government_Impact
      62.    Plan_Impact

2.    With regard to the data requested in Request No. 1 above, provide a TRICARE or CHAMPUS impact calculation: (a) by Year and Month; (b) by Refilled or not Refilled, Year and Month; (c) by Pharmacy; and (d) by Prescriber.

3.    Provide documents sufficient to define any acronyms or explain terms used to identify the fields for data produced in response to Request Nos. 1 and 2 above.