IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. Kester, et al., <br><br> Plaintiffs and Relator, <br><br> -against- <br><br> NOVARTIS PHARMACEUTICALS CORPORATION, et al. <br><br> Defendants. | 11 CIV. 8196 (CM) (JCF) |

**NOVARTIS PHARMACEUTICALS CORPORATION'S
MEMORANDUM OF LAW IN OPPOSITION TO THE STATE OF WASHINGTON'S
SECOND MOTION TO AMEND ITS COMPLAINT-IN-INTERVENTION**

## TABLE OF CONTENTS

                                                                                                                                **Page(s)**

TABLE OF AUTHORITIES ................................................................................................... ii
PRELIMINARY STATEMENT ...............................................................................................1
STATEMENT OF FACTS .........................................................................................................1
ARGUMENT................................................................................................................................3
    I.    WASHINGTON'S SECOND MOTION SHOULD BE DENIED
          AS AN UNTIMELY MOTION FOR RECONSIDERATION. ...................................3
    II.   THERE IS NO NEED TO RECONSIDER THE COURT'S PRIOR ORDER. ............4
    III.  WASHINGTON'S SECOND MOTION IS UNDULY DELAYED AND
          GRANTING IT WOULD CAUSE PREJUDICE TO NOVARTIS. .............................6
CONCLUSION............................................................................................................................9

## TABLE OF AUTHORITIES

Page(s)

**Cases**

Analytical Surveys, Inc. v. Tonga Partners, L.P., 684 F.3d 36 (2d Cir. 2012) ................................ 5

Bank of N.Y. Mellon Trust Co. v. Morgan Stanley Mortg. Capital, Inc., No. 11 CIV. 505,
   2014 WL 2745011 (S.D.N.Y. June 16, 2014) (McMahon, J.) .................................................. 3

Beckles v. City of New York, No. 08 CIV. 3687, 2010 WL 1841714 (S.D.N.Y. May 10,
   2010) ......................................................................................................................................... 3

Block v. First Blood Assocs., 988 F.2d 344 (2d Cir. 1993) ........................................................ 7, 8

Brown Rudnick, LLP v. Surgical Orthomedics, Inc., No. 13-CV-4348, 2015 WL 363674
   (S.D.N.Y. Jan. 28, 2015), adhered to on reconsideration, 2015 WL 1097342
   (S.D.N.Y. Mar. 12, 2015) ......................................................................................................... 4

Doe v. New York City Dept. of Soc. Servs., 709 F.2d 782 (2d Cir. 1983) ..................................... 4

Fershtadt v. Verizon Comm. Inc., 262 F.R.D. 336 (S.D.N.Y. 2009) ............................................. 7

Fleisher v. Phoenix Life Ins. Co., No. 11 CIV. 8405, 2014 WL 409164 (S.D.N.Y. Jan. 31,
   2014) (McMahon, J.) ................................................................................................................ 4

Forman v. Davis, 371 U.S. 178 (1962) .......................................................................................... 7

Goss v. Revlon, Inc., 548 F.2d 405 (2d Cir. 1976) ........................................................................ 7

In re Facebook, Inc., IPO Sec. & Deriv. Litig., 43 F. Supp. 3d 369 .............................................. 5

In re Worldcom, Inc. Sec. Litig., 456 F. Supp. 2d 508 (S.D.N.Y. 2006) ....................................... 4

Luv n' Care, Ltd. v. Regent Baby Prods. Corp., 986 F. Supp. 2d 411 (S.D.N.Y. 2014) ............ 3, 4

McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184 (2d Cir. 2007) ............................................. 7

Schrader v. CSX Transp., Inc., 70 F.3d 255 (2d Cir. 1995) .......................................................... 5

Zubulake v. UBS Warburg LLC, 231 F.R.D. 159 (S.D.N.Y. 2005) ........................................... 7, 8

**Statutes & Rules**

Local Civil Rule 6.3 .................................................................................................................... 3, 4

Fed. R. Civ. P. 15 ........................................................................................................................ 4, 6

Defendant Novartis Pharmaceuticals Corporation ("Novartis") respectfully submits this Memorandum of Law in Opposition to the State of Washington's Second Motion to Amend Its Complaint-In-Intervention.

**PRELIMINARY STATEMENT**

Over two months ago, the Court denied Washington's first motion to amend its complaint to add claims against Novartis with respect to its relationship with Accredo Health Group, Inc. ("Accredo"). (Mem. & Order ("Novartis VIII"), Apr. 10, 2015, ECF No. 412.) Washington now moves again to add the same claims that were the subject of that prior motion. Washington's instant motion is in essence an untimely motion for reconsideration and should be denied on that basis alone. Moreover, even if the motion were timely, Washington fails to satisfy both the requirements for reconsideration and the requirements for leave to file an amended complaint. Accordingly, Washington's second motion to amend its complaint should be denied.

**STATEMENT OF FACTS**

This case began in November 14, 2011 when Relator David Kester filed a complaint under seal. (Compl., ECF No. 1.) Beginning in 2012, the United States issued a series of document requests to Novartis and Accredo, which produced thousands of documents in response. Since April 2013, Washington "has communicated with the United States about Novartis's Exjade kickback scheme and [] the United States and Washington have jointly investigated the Exjade scheme". (Novartis VIII at 10.) On January 8, 2014, the Court unsealed Relator's First Amended Complaint, which alleged the same kickback scheme between Novartis and Accredo that Washington now seeks to add. (Rel.'s 1st Am. Compl., Apr. 18, 2013, ECF No. 47.)

1

Two weeks later, Washington first sought to intervene in the case only with respect to the alleged kickback scheme between Novartis and BioScrip. (Wash.'s Mot. To Intervene, Jan. 22, 2014, ECF No. 72.) For at least the next year, Washington did not request any documents from Accredo or seek any depositions of Accredo employees. (Accredo Mem. at 6, Feb. 6, 2015, ECF No. 336.)

On January 23, 2015, Washington filed its first motion to amend its complaint, seeking to add claims against Accredo and Novartis "based on the Accredo/Novartis Exjade transactions". (Wash.'s Mot. To Am. Compl. at 1, ECF No. 330.) On April 10, 2015, the Court denied the motion because Washington had unduly delayed in moving to amend without a reasonable justification and because Accredo and Novartis would have been prejudiced if the Court had granted the motion at that time. (Novartis VIII at 10-15.)

Six days later, on April 16, 2015, the United States notified the Court that it, the Litigating States (including Washington) and the Relator had reached a proposed settlement with Accredo. (Decl. of Grant B. Martinez ("Martinez Decl."), Ex. A.) The Stipulation of the settlement between the United States and Accredo was filed on April 30, 2015. (Stipulation, ECF No. 420-2.) On May 6, 2015, the Court permitted the United States to intervene further against Novartis with respect to claims the Relator had brought on the United States' behalf concerning Accredo. (Order, ECF No. 425.) On May 13, 2015, the Court endorsed the parties' agreement to conclude fact discovery by June 12, 2015. (Order, ECF No. 430.) Nearly three weeks later, on June 1, 2015, Washington brought the instant motion.

**ARGUMENT**

I.  WASHINGTON'S SECOND MOTION SHOULD BE DENIED AS AN UNTIMELY MOTION FOR RECONSIDERATION.

Washington's second motion should be denied as an untimely motion for reconsideration.  Local Civil Rule 6.3 provides that "a notice of motion for reconsideration or reargument of a court order determining a motion shall be served within fourteen (14) days after the entry of the Court's determination of the original motion . . . ."  The Court denied Washington's first motion in its entirety, including with respect to the proposed claims against Novartis, on April 10, 2015.  (Novartis VIII at 15.)  Now, Washington seeks once again to add those same claims against Novartis.  (See Martinez Decl., Ex. B (redlining the proposed amended complaints submitted with the first and second motions).)  Thus, the current motion is a de facto motion for reconsideration and should have been filed within 14 days of entry of the Court's order determining the first motion.  Local Civ. R. 6.3.  Instead, it was brought over seven weeks later, on June 1, 2015.

Washington's "failure to make a motion for reconsideration in a timely manner is by itself a sufficient basis for denial of the motion."  Bank of N.Y. Mellon Trust Co. v. Morgan Stanley Mortg. Capital, Inc., No. 11 CIV. 505, 2014 WL 2745011, at *1 n.1 (S.D.N.Y. June 16, 2014) (McMahon, J.) (citation and internal quotation marks omitted); see Luv n' Care, Ltd. v. Regent Baby Prods. Corp., 986 F. Supp. 2d 411, 411 (S.D.N.Y. 2014) ("The instant motion is denied as untimely because plaintiffs filed the motion for reconsideration fifteen days after my initial order and did not seek an extension of the deadline from the Court.").  Indeed, courts "in this Circuit routinely deny untimely motions for reconsideration without considering their merits."  Beckles v. City of New York, No. 08 CIV. 3687, 2010 WL 1841714, at *4 (S.D.N.Y. May 10, 2010) (citations omitted).

Furthermore, Washington may not evade the requirements of Local Civil Rule 6.3 merely by failing to invoke it: a party "may not . . . attempt to circumvent that time limit by filing a motion for reconsideration in the guise of a motion to amend the pleadings". Brown Rudnick, LLP v. Surgical Orthomedics, Inc., No. 13-CV-4348, 2015 WL 363674, at *2 (S.D.N.Y. Jan. 28, 2015), adhered to on reconsideration, 2015 WL 1097342 (S.D.N.Y. Mar. 12, 2015); see also Fleisher v. Phoenix Life Ins. Co., No. 11 CIV. 8405, 2014 WL 409164, at *1 (S.D.N.Y. Jan. 31, 2014) (McMahon, J.) (denying a "Motion To Decertify" that "is really an untimely motion for reconsideration"); In re Worldcom, Inc. Secs. Litig., 456 F. Supp. 2d 508, 513 & n.5 (S.D.N.Y. 2006) (denying as untimely a "de facto motion for reconsideration" styled as a motion to amend the pleadings under Rule 15); Luv n' Care, 986 F. Supp. 2d at 411 (construing motion brought under Rule 60(b) as brought under Local Civ. R. 6.3).

Washington also refers to the admissions Accredo made in its settlement with the United States and the Court's allowing the United States to intervene further against Novartis with respect to Accredo. Neither event makes Washington's motion for reconsideration timely under Local Civil Rule 6.3. The Government informed the Court of its settlement with Accredo on April 16, 2015, (Martinez Decl., Ex. A), only six days after Washington's first motion was denied. Washington could have timely moved for reconsideration then but failed to do so.

II.   THERE IS NO NEED TO RECONSIDER THE COURT'S PRIOR ORDER.

Even if the motion were timely, Washington fails to satisfy the requirements for reconsideration. "To prevail on a motion for reconsideration, the movant must demonstrate 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" (Order ("Novartis III") at 2, Jun. 26, 2014, ECF. No. 216 (citing Doe v. New York City Dept. of Soc. Servs., 709 F.2d 782, 789 (2d Cir. 1983)).) "Reconsideration of a court's prior order under Local Rule 6.3 or Fed. R. Civ. P. 59(e) or 60(b)

4

'is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" In re Facebook, Inc., IPO Sec. & Deriv. Litig., 43 F. Supp. 3d 369, 373 (S.D.N.Y. 2014) (citation omitted). The standard governing motions for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked". Analytical Surveys, Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012) (citation and internal quotation marks omitted); see Schrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995) ("[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided.").

Washington's motion seeks to relitigate an issue already decided. It points to no intervening change in controlling law, and it does not argue that any part of the Court's prior opinion was clear error or worked manifest injustice. As discussed above, Washington seeks to justify its second motion by pointing to the fact that the Court permitted the United States to intervene with respect to Accredo, as well as to the admissions made by Accredo as part of its settlement. Neither of these calls for reconsideration. First, the Court's decision to permit the United States to intervene with respect to Accredo is not a change in controlling law, nor does the Court's denial of Washington's first motion cause manifest injustice. As noted in the United States' statement in support of its further intervention, it did not seek to amend its complaint and "interven[ed] only as to an aspect of the relator's existing complaint, and [was] not seeking to bring any new claims". (U.S. Statement at 1, Apr. 30, 2015, ECF No. 420.) By contrast, Washington is not intervening as to Relator's pre-existing claims because the Relator did not bring claims on Washington's behalf. (Rel.'s 3d Am. Compl. ¶ 103, Sept. 15, 2014, ECF No. 253.) Instead, Washington must amend its complaint and add new claims that were not

5

previously part of this case.  It is not manifestly unjust to treat the United States and the Washington differently under these circumstances.

Second, Washington has failed to show that reconsideration is warranted based on the availability of new evidence in the form of the Accredo admissions.  Washington asserts that in "its settlement stipulation with the United States, Accredo made significant factual admissions with respect to Novartis' inducements to get Accredo to more aggressively push sales of Exjade."  (Wash. Mem. in Supp. 2d Mot. To Am. ("Wash. Mem.") at 3, June 1, 2015, ECF No. 454.)  Yet it does not identify any specific admissions that are significant or necessary for its claims, nor does it attempt to show that the admissions constitute "new" evidence that was not previously available in documents or from deponents.  This argument is similar to Washington's contention in its first motion that it waited to file until it received audio recordings of Accredo's calls with patients.  (Wash. Mem. in Supp. Mot. To Am. at 3-4, Jan. 23, 2015, ECF No. 331; see Novartis VIII at 12 ("In fact, not only are the recordings unnecessary to support Washington's legal claims, they do not even suggest any facts previously unknown to Washington.").)  The Court held that the "fact that a party later uncovers additional evidence supporting a theory that it could have raised earlier does not excuse delay in moving to amend."  (Novartis VIII at 12.)  The factual admissions relied upon by Washington in the current motion do no more than confirm details of the alleged relationship between Accredo and Novartis that were readily discoverable by Washington as early as March 2014.  (See id. at 11.)

III. WASHINGTON'S SECOND MOTION IS UNDULY DELAYED AND GRANTING IT WOULD CAUSE PREJUDICE TO NOVARTIS.

Even if the Court were to evaluate this motion under the more liberal Rule 15(a)(2) standard, Washington would once again fail to meet that standard.  The Second Circuit has established that, under certain circumstances, a district court has discretion to deny a

6

motion to amend. See, e.g., McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 200 (2d Cir. 2007) (citing Forman v. Davis, 371 U.S. 178, 182 (1962)). In denying Washington's previous motion, the Court recognized that denying a motion to amend would be justified if it was filed after a "lengthy delay without a reasonable explanation". (Novartis VIII at 9 (citing Goss v. Revlon, Inc., 548 F.2d 405, 407 (2d Cir. 1976)).) Washington thus had the burden to explain why it waited to file its motion until January 2015, despite having had ample opportunities to include claims against Accredo in its original complaint, which it filed in January 2014, and to amend its complaint at any time after the onset of discovery in March 2014. (Id. at 9-11.) Ultimately, the Court found Washington's excuses for delay unconvincing. (Id. at 12-13.)

Washington has now filed a second motion to amend over four months after filing its previous motion. This motion, like the previous one, proposes to add the same claims against Novartis that could have been included in Washington's original complaint in January 2014, and alternatively, could have been added at any point over the course of a lengthy discovery period. Once again, neither the Accredo settlement nor the Court's allowance of the United States' further intervention provides a compelling justification for seeking to amend its complaint at this time.

Although the Court noted that undue delay on its own could be sufficient to deny a motion to amend, (id. at 9), Washington's current motion is also prejudicial to Novartis. See Zubulake v. UBS Warburg LLC, 231 F.R.D. 159, 161 (S.D.N.Y. 2005). Washington has been dilatory in moving to amend, so a lesser showing of prejudice is required to justify denial of the motion. Block v. First Blood Assocs., 988 F.2d 344, 350 (2d Cir. 1993); see also Fershtadt v. Verizon Comm. Inc., 262 F.R.D. 336, 338 (S.D.N.Y. 2009). Washington admits that granting its motion would force Novartis to consider additional claims data relating to potential damages.

7

(Wash. Mem. 5.) Yet Washington waited to file this motion until June 1, leaving only 11 days remaining prior to the parties' agreed-upon deadline for fact discovery on June 12, and shortly before the parties are set to exchange expert reports and file the pre-trial order. (See Govt.'s Letter, May 12, 2015, ECF No. 429.)

        Because Washington waited until June to file this motion, any analyses of Washington's claims for purposes of fact or expert discovery will have to be conducted in a short time frame and at a higher cost, which is prejudicial. See Zubulake, 231 F.R.D. at 161; Block, 988 F.2d at 350.

## CONCLUSION

For the foregoing reasons, Novartis respectfully requests that the Court enter an order denying Washington's motion.

Dated:  June 15, 2015

Respectfully submitted,

   /s/ Evan R. Chesler
Evan R. Chesler
Rachel G. Skaistis
Benjamin Gruenstein
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, New York 10019
Tel. No.: 212-474-1000
Email: echesler@cravath.com

Michael A. Rogoff
Manvin Mayell
KAYE SCHOLER LLP
250 West 55th Street
New York, New York 10019
Tel. No.: 212-836-8000

Faith E. Gay
Manisha M. Sheth
QUINN EMANUEL URQUHART & SULLIVAN LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
Tel. No.: 212-849-7000

*Counsel for Defendant*
*Novartis Pharmaceuticals Corporation*