**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNITED STATES OF AMERICA, <u>et al.</u>,<br><br>                        Plaintiffs and Relator,<br><br>      -against-<br><br>NOVARTIS PHARMACEUTICALS<br>CORPORATION, <u>et al.</u>,<br>                             Defendants. | **11 CIV. 8196 (CM) (JCF)** |

## <u>DEFENDANT NOVARTIS PHARMACEUTICALS CORPORATION'S</u><br><u>VERDICT FORM</u>

Pursuant to Federal Rule of Civil Procedure 49 and Part V(C)(i) of this Court's

Individual Practices and Procedures, Defendant Novartis Pharmaceuticals Corporation

respectfully submits the following draft verdict form.[1]

---

[1] Novartis reserves the right to add, revise or withdraw questions on this draft verdict form before it is submitted to the jury.

## <u>VERDICT FORM:  EXJADE PHASE</u>

WE, THE JURY, UNANIMOUSLY FIND:

[Statutory Exception and Regulatory Safe Harbor]

**<u>Question 1A</u>**:  For the challenged discounts and rebates, have Plaintiffs proven by a preponderance of the evidence that the amount of the discounts and rebates <u>were not</u> properly disclosed or appropriately reflected in the costs claimed or charges made by the specialty pharmacies to the Medicare and Medicaid programs?

(Answer "no" if you find that the discounts and rebates were properly disclosed and appropriately reflected in the costs claimed or charges made by the specialty pharmacies.)

Yes    **_____**        No    **_____**

**<u>Question 1B</u>**:  For the challenged discounts and rebates, have Plaintiffs proven by a preponderance of the evidence that (1) Novartis <u>did not</u> inform the specialty pharmacies of their obligations to report such discounts and rebates to the government or (2) Novartis took some action to impede the specialty pharmacies' ability to meet their obligations to report the discounts and rebates or (3) for rebates only, the terms of the rebate <u>were not</u> fixed and disclosed in writing at the time of the purchase to which the rebate relates?

Yes    **_____**        No    **_____**

*If you answered "yes" to Questions 1A <u>and</u> 1B, proceed to Question 2A.*

*If you answered "no" to Question 1A or Question 1B, then the challenged discounts or rebates did not violate the Anti-Kickback Statute.  If the challenged discounts or rebates did not violate the Anti-Kickback Statute, <u>do not</u> consider the challenged discounts or rebates in answering the remaining questions.*

**Question 2A**:  Have Plaintiffs proven by a preponderance of the evidence that Novartis offered or paid remuneration to a specialty pharmacy?


Yes        _____        No        _____

*If you answered "no" to Question 2A, leave the remaining questions blank and proceed to page 23.*


**Question 2B**:  Have Plaintiffs proven by a preponderance of the evidence that Novartis made an offer or payment of remuneration to induce a specialty pharmacy to recommend the purchase or order of Exjade by a patient, <u>and</u>

that the specialty pharmacy solicited or received that remuneration in return for recommending the purchase or order of Exjade by a patient?


Yes        _____        No        _____

*If you answered "no" to Question 2B, leave the remaining questions blank and proceed to page 23.*


**Question 2C**:  Have Plaintiffs proven by a preponderance of the evidence that Exjade refills resulting from recommendations by a specialty pharmacy were or could have been paid for in whole or in part by Plaintiffs' government health care programs?


Yes        _____        No        _____

*If you answered "no" to Question 2C, leave the remaining questions blank and proceed to page 23.*


**Question 2D**:  Have Plaintiffs proven by a preponderance of the evidence that Novartis acted knowingly and willfully?


Yes        _____        No        _____

*If you answered "no" to Question 2D, leave the remaining questions blank and proceed to page 23.*

*If you answered "yes" to Question 2D, proceed to Question 3A.*

**Question 3A**:  Have Plaintiffs proven by a preponderance of the evidence that a specialty pharmacy made a false certification of compliance with the Anti-Kickback Statute <u>or</u>

that after March 23, 2010, a specialty pharmacy submitted a claim to a government health care program that included Exjade resulting from a violation of the Anti-Kickback Statute?

Yes  **_____**  No  **_____**

*If you answered "no" to Question 3A, leave Questions 3B, 3C, 3D and 3E blank and proceed to Question 4A.*

**Question 3B**:  Have Plaintiffs proven by a preponderance of the evidence that at least one Novartis employee with the authority to act on behalf of Novartis knew that there was a violation of the Anti-Kickback Statute?

Yes  **_____**  No  **_____**

*If you answered "no" to Question 3B, leave Questions 3C, 3D and 3E blank and proceed to Question 4A.*

---

[2 <u>See</u> U.S.'s 2d Am. Compl. ("U.S. Compl."), 5th & 6th Claims, Aug. 28, 2014, ECF No. 231; 1st Am. Compl. of Ga., Ill., Ind., Md., Mich., N.J., N.Y., Okla. & Wisc. Compl. ("Multi-State Compl."), Counts 1, 2, 5, 6, 8, 11, 12, 17, 18, 20, 25, 26, 30, 31, 33, 37, 38, 45, 46, 48, 52, 53, Sept. 18, 2014, ECF No. 257; Cal.'s 1st Am. Compl. ("Cal. Compl."), ¶¶ 121-34, Counts 1-3, Mar. 21, 2014, ECF No. 162; Rel.'s 3d Am. Compl. ("Rel.'s Compl."), ¶¶ 163-164, 167-220, Counts 1-28, Sept. 15, 2014, ECF No. 253.]

**Question 3C**:  Have Plaintiffs proven by a preponderance of the evidence that the same Novartis employee or employees knowingly caused a specialty pharmacy to present an Exjade claim to a government health care program that included a false certification of compliance with the Anti-Kickback Statute, or

that the same Novartis employee or employees knowingly caused a specialty pharmacy to make or to use a false certification of compliance with the Anti-Kickback Statute that was material to an Exjade claim it submitted to a government health care program, or

that after March 23, 2010, the same Novartis employee or employees knowingly caused a specialty pharmacy to present an Exjade claim to a government health care program that included Exjade resulting from a violation of the Anti-Kickback Statute?

Yes        _____        No        _____

*If you answered "no" to Question 3C, leave Question 3D and 3E blank and proceed to Question 4A*

**Question 3D**:  Have Plaintiffs proven by a preponderance of the evidence that the false certification of compliance with the Anti-Kickback Statute was material to Plaintiffs' decision to pay or

that after March 23, 2010, the claim that included Exjade resulting from an Anti-Kickback Statute was material to Plaintiffs' decision to pay?

Yes        _____        No        _____

*If you answered "no" to Question 3D, leave Question 3E blank and proceed to Question 4A.*

**Question 3E**:  Have Plaintiffs proven by a preponderance of the evidence that Plaintiffs suffered damages as a result of Novartis's conduct regarding any false or fraudulent claim?

Yes        _____        No        _____

*Proceed to Question 4A.*

**Question 4A**:  Have Plaintiffs proven by a preponderance of the evidence that Novartis entered into a conspiracy with a specialty pharmacy to violate the False Claims Act?

Yes       _____       No       _____

*If you answered "no" to Question 4A, leave Questions 4B, 4C and 4D blank and proceed to page 7.*

**Question 4B**:  Have Plaintiffs proven by a preponderance of the evidence that before May 20, 2009, Novartis and its coconspirator(s) shared the specific intent to defraud the government by getting false or fraudulent claims paid, or that after May 20, 2009, Novartis and its coconspirator(s) shared the intent to commit a violation of the False Claims Act?

Yes       _____       No       _____

*If you answered "no" to Question 4B, leave Questions 4C and 4D blank and proceed to page 7.*

**Question 4C**:  Have Plaintiffs proven by a preponderance of the evidence that one of the members of the conspiracy violated the False Claims Act?

Yes       _____       No       _____

*If you answered "no" to Question 4C, leave Question 4D blank and proceed to page 7.*

**Question 4D**:  Have Plaintiffs proven by a preponderance of the evidence that Plaintiffs suffered damages as a result of a false or fraudulent claim?

Yes       _____       No       _____

*Proceed to page 7.*

---

[3 See U.S. Compl., 7th Claim; Multi-State Compl., Counts 3, 7, 13, 19, 27, 32, 39, 47, 54; Cal. Compl., ¶¶ 136-39, [second] Count 3; Rel.'s Compl., ¶¶ 165, 167-220, Counts 1-28.]

*If you answered "yes" to Question 3E <u>or</u> Question 4D, then answer Question 5A.  Otherwise, leave this page blank and proceed to Question 6A.*

**Question 5A**:  Have Plaintiffs proven by a preponderance of the evidence and with reasonable certainty the amount of damages Plaintiffs sustained as a result of Novartis's conduct in causing the submission of false or fraudulent claims by any of the specialty pharmacies?

If Yes, enter the amount of damages sustained as a result of the false or fraudulent claims Novartis's conduct caused (and only with respect to the specialty pharmacies that submitted such false or fraudulent claims):

$_____

No _____

**Question 5B**:  Have Plaintiffs proven by a preponderance of the evidence the specific number of Novartis's own acts that caused a violation of the False Claims Act?

If Yes, enter the number of Novartis's own acts:  _____

No _____

*Proceed to Question 6A.*

[Common Law Fraud Counts[4]]

**Question 6A**:  Has Maryland, Michigan, New Jersey, Oklahoma or Washington proven by clear and convincing evidence that Novartis made a material representation to that State or States?


Yes        _____        No        _____

*If you answered "no" to Question 6A, leave Questions 6B, 6C, 6D, 6E and 6F blank and proceed to Question 7A.*


**Question 6B**:  Did that State (or those States) prove by clear and convincing evidence that Novartis's material representation was false?


Yes        _____        No        _____

*If you answered "no" to Question 6B, leave Questions 6C, 6D, 6E and 6F blank and proceed to Question 7A.*


**Question 6C**:  Did that State (or those States) prove by clear and convincing evidence that Novartis knew that material representation was false?


Yes        _____        No        _____

*If you answered "no" to Question 6C, leave Questions 6D, 6E and 6F blank and proceed to Question 7A.*


**Question 6D**:  Did that State (or those States) prove by clear and convincing evidence that Novartis made that representation with the intention that it should be acted upon by that State (or those States)?


Yes        _____        No        _____

*If you answered "no" to Question 6D, leave Questions 6E and 6F blank and proceed to Question 7A.*

---

[4 See Multi-State Compl., Counts 21, 28, 35, 49; Wash.'s Compl., Count 4, Jan. 27, 2014, ECF No. 82.]

**Question 6E**:  Did that State (or those States) prove by clear and convincing evidence that the State (or States) paid claims in reliance upon Novartis's representation?

Yes _____          No _____

*If you answered "no" to Question 6E, leave Question 6F blank and proceed to Question 7A.*

**Question 6F**:  Did that State (or those States) prove by clear and convincing evidence that as a result of the State's (or States') reliance upon Novartis's statement, the State (or States) sustained injury?

If Yes, enter the amount:          $_____

No _____

*Proceed to Question 7A.*

**Question 7A**:  Has Indiana proven by a preponderance of the evidence that Novartis exerted unauthorized control over property of the State of Indiana that had a fair market value of at least $750?

Yes        _____           No        _____

*If you answered "no" to Question 7A, leave Questions 7B, 7C and 7D blank and proceed to Question 8A.*

**Question 7B**:  Has Indiana proven by a preponderance of the evidence that Novartis acted knowingly or intentionally?

Yes        _____           No        _____

*If you answered "no" to Question 7B, leave Questions 7C and 7D blank and proceed to Question 8A.*

**Question 7C**:  Has Indiana proven by a preponderance of the evidence that Novartis acted with intent to deprive the State of Indiana of any part of the value or use of such property?

Yes        _____           No        _____

*If you answered "no" to Question 7C, leave Question 7D blank and proceed to Question 8A.*

**Question 7D**:  Has Indiana proven by a preponderance of the evidence and with reasonable certainty the amount of damages the State of Indiana sustained as a result of Novartis's conduct?

If Yes, enter the amount:                    $_____

No _____

*Proceed to Question 8A.*

**Question 8A**:  Has Indiana proven by a preponderance of the evidence that Novartis obtained payment from the Medicaid program under Indiana Code section 12-15 by means of a false or misleading written statement?

Yes    _____        No    _____

*Proceed to Question 8B.*


**Question 8B**:  Has Indiana proven by a preponderance of the evidence that Novartis concealed information for the purpose of applying for or receiving unauthorized payments from the Medicaid program?

Yes    _____        No    _____

*If you answered "no" to Question 8A and 8B, leave Questions 8C and 8D blank and proceed to Question 9A.*

*If you answered "yes" to Question 8A or 8B, proceed to Question 8C.*


**Question 8C**:  Has Indiana proven by a preponderance of the evidence that Novartis acted knowingly or intentionally?

Yes    _____        No    _____

*If you answered "no" to Question 8C, leave Question 8D blank and proceed to Question 9A.*


**Question 8D**:  Has Indiana proven by a preponderance of the evidence and with reasonable certainty the amount of damages the State of Indiana sustained as a result of Novartis's conduct?

If Yes, enter the amount:        $_____

No _____

*Proceed to Question 9A.*

11

**Question 9A**:  Has New Jersey proven by a preponderance of the evidence that Novartis exercised unauthorized dominion and control over property owned by New Jersey in a manner that was inconsistent with New Jersey's rights?

Yes        _____         No       _____

*If you answered "no" to Question 9A, leave Questions 9B and 9C blank and proceed to Question 10A.*

**Question 9B**:  Has New Jersey proven by a preponderance of the evidence that Novartis acted intentionally?

Yes        _____         No       _____

*If you answered "no" to Question 9B, leave Question 9C blank and proceed to Question 10A.*

**Question 9C**:  Has New Jersey proven by a preponderance of the evidence and with reasonable certainty the amount of damages New Jersey sustained as a result of Novartis's conduct?

If Yes, enter the amount:                    $_____

No _____

*Proceed to Question 10A.*

**Question 10A**:  Has New York proven by a preponderance of the evidence that Novartis engaged in repeated fraudulent or illegal acts or otherwise demonstrated persistent fraud or illegality in conducting its business?

Yes      _____        No      _____

*If you answered "no" to Question 10A, leave Question 10B blank and proceed to Question 11A.*

**Question 10B**:  Has New York proven by a preponderance of the evidence and with reasonable certainty the amount of damages New York sustained as a result of Novartis's conduct?

If Yes, enter the amount:              $_____

No _____

*Proceed to Question 11A.*

**<u>Question 11A</u>**:  Has New York proven by a preponderance of the evidence that Novartis wrongfully obtained money held or owned by the State of New York?


Yes         _____          No         _____

*If you answered "no" to Question 11A, leave Question 11B blank and proceed to Question 12A.*


**<u>Question 11B</u>**:  Has New York proven by a preponderance of the evidence and with reasonable certainty the amount of damages New York sustained as a result of Novartis's conduct?


If Yes, enter the amount:                $_____


No _____


*Proceed to Question 12A.*

**Question 12A**:  Has Maryland proven by a preponderance of the evidence that Novartis owed a legal or equitable duty to Maryland?


Yes        \_\_\_\_\_        No        \_\_\_\_\_

*If you answered "no" to Question 12A, leave Questions 12B and 12C blank and proceed to Question 13A.*


**Question 12B**:  Has Maryland proven by a preponderance of the evidence that Novartis breached its duty to Maryland in a way that tends to deceive others, to violate public or private confidence, or to injure public interests?


Yes        \_\_\_\_\_        No        \_\_\_\_\_

*If you answered "no" to Question 12B, leave Question 12C blank and proceed to Question 13A.*


**Question 12C**:  Has Maryland proven by a preponderance of the evidence and with reasonable certainty the amount of damages Maryland sustained as a result of Novartis's conduct?


If Yes, enter the amount:                $_____


No \_\_\_\_\_


*Proceed to Question 13A.*

**Question 13A**:  Has Illinois, New York or Washington proven by a preponderance of the evidence that Novartis obtained or attempted to obtain payments from that State (or those States) in a greater amount than that to which it was entitled by making a false statement or a misrepresentation to that State (or those States)?

Yes        _____            No        _____

*Proceed to Question 13B.*


**Question 13B**:  Has Illinois, New York or Washington proven by a preponderance of the evidence that Novartis obtained or attempted to obtain payments from that State in a greater amount than that to which it was entitled by concealing material facts from that State (or those States)?

Yes        _____            No        _____

*Proceed to Question 13C.*


**Question 13C**:  Has Illinois, New York or Washington proven by a preponderance of the evidence that Novartis obtained or attempted to obtain payments from that State (or those States) in a greater amount than that to which Novartis was entitled by some other fraudulent scheme or device?

Yes        _____            No        _____

*If you answered "no" to Questions 13A, 13B and 13C, leave Questions 13D, 13E, 13F and 13G blank and proceed to Question 14A.*


**Question 13D**:  If you answered "yes" to Questions 13A, 13B or 13C with respect to Illinois, has Illinois proven by a preponderance of the evidence that Novartis acted willingly?

Yes        _____            No        _____

*Proceed to Question 13E.*

---

[5 See Multi-State Compl., Counts 9, 40; Wash.'s Compl., Counts 1-3.]

**Question 13E**:  If you answered "yes" to Questions 13A, 13B or 13C with respect to New York, has New York proven by a preponderance of the evidence that Novartis acted knowingly?


Yes _____          No _____

*Proceed to Question 13F.*


**Question 13F**:  If you answered "yes" to Questions 13A, 13B or 13C with respect to Washington, has Washington proven by a preponderance of the evidence that Novartis acted both knowingly and willfully?


Yes _____          No _____

*If you answered "no" to Questions 13D, 13E and 13F, proceed to Question 14A.*


**Question 13G**:  Has Illinois, New York, or Washington proven by a preponderance of the evidence and with reasonable certainty the amount of damages that State (or those States) sustained as a result of Novartis's conduct?


If Yes, enter the amount:          $_____


No _____


*Proceed to Question 14A.*

**Question 14A**:  Has Washington proven by a preponderance of the evidence that at the time of the conduct at issue, the State of Washington was a party to a valid contract with BioScrip to provide drugs for Washington Medicaid or that the State of Washington had a business expectation with a probability of future economic benefit for the State?

Yes     _____     No     _____

*If you answered "no" to Question 14A, leave Questions 14B, 14C, 14D, 14E, 14F and 14G blank and proceed to Question 15A.*

**Question 14B**:  Has Washington proven by a preponderance of the evidence that Novartis knew of the existence of that contract or expectation?

Yes     _____     No     _____

*If you answered "no" to Question 14B, leave Questions 14C, 14D, 14E, 14F and 14G blank and proceed to Question 15A.*

**Question 14C**:  Has Washington proven by a preponderance of the evidence that Novartis induced or caused BioScrip to breach the contract or terminate the business expectation with the State of Washington?

Yes     _____     No     _____

*If you answered "no" to Question 14C, leave Questions 14D, 14E, 14F and 14G blank and proceed to Question 15A.*

**Question 14D**:  Has Washington proven by a preponderance of the evidence that Novartis's interference was for an improper purpose or by improper means?

Yes     _____     No     _____

*If you answered "no" to Question 14D, leave Questions 14E, 14F and 14G blank and proceed to Question 15A.*

**Question 14E**:  Has Washington proven by a preponderance of the evidence that Novartis acted intentionally?

Yes    **_____**        No    **_____**

*If you answered "no" to Question 14E, leave Questions 14F and 14G blank and proceed to Question 15A.*

**Question 14F**:  Has Washington proven by a preponderance of the evidence that Novartis's conduct was a proximate cause of damages to the State of Washington?

Yes    **_____**        No    **_____**

*If you answered "no" to Question 14F, leave Question 14G blank and proceed to Question 15A.*

**Question 14G**:  Has Washington proven by a preponderance of the evidence and with reasonable certainty the amount of damages Washington sustained as a result of Novartis's conduct?

If Yes, enter the amount:            $_____

No **_____**

*Proceed to Question 15A.*

**Question 15A**:  Has Oklahoma or Washington proven by clear and convincing evidence that Novartis entered into an agreement with a specialty pharmacy to do an unlawful act, or to do a lawful act by unlawful means?


Yes    _____        No    _____

*If you answered "no" to Question 15A, leave Questions 15B and 15C blank and proceed to Question 16A.*


**Question 15B**:  Has that State (or have those States) proven by clear and convincing evidence that either Novartis or the specialty pharmacy pursued an independently unlawful purpose or used an independently unlawful means?


Yes    _____        No    _____

*If you answered "no" to Question 15B, leave Question 15C blank and proceed to Question 16A.*


**Question 15C**:  Has that State (or have those States) proven by a preponderance of the evidence and with reasonable certainty the amount of damages that that State (or those States) sustained as a result of Novartis's conduct?


If Yes, enter the amount:         $_____


No _____


*Proceed to Question 16A.*

---

[[6] <u>See</u> Multi-State Compl., Count 50; Wash.'s Compl., Count 8.]

**Question 16A**:  If you answered "yes" to Question 2D, has Michigan proven by a preponderance of the evidence and with reasonable certainty the amount of damages that Michigan sustained as a result of Novartis's violation of the Anti-Kickback Statute?

If Yes, enter the amount:         $_____

No _____

*Proceed to Question 17A.*

**Question 17A**:  Has Oklahoma proven by a preponderance of the evidence that Novartis solicited or accepted a benefit, pecuniary benefit or kickback in connection with Exjade paid for or payable by Oklahoma Medicaid program?

Yes        _____          No        _____

*If you answered "no" to Question 17A, leave the remaining questions blank and proceed to page 23.*

**Question 17B**:  Has Oklahoma proven by a preponderance of the evidence that Novartis acted knowingly and willfully?

Yes        _____          No        _____

*If you answered "no" to Question 17B, leave the remaining question blank and proceed to page 23.*

**Question 17C**:  If you answered "yes" to Question 17B, has Oklahoma proven by a preponderance of the evidence and with reasonable certainty the amount of damages that Oklahoma sustained as a result of Novartis's conduct?

If Yes, enter the amount:                    $_____

No _____

*Proceed to page 23.*

## <u>VERIFICATION:  EXJADE PHASE</u>

Please sign your names on the lines below, fill in the date, and inform the Marshal that you have reached a verdict after all the jurors have signed below.

1.   _____

2.   _____

3.   _____

4.   _____

5.   _____

6.   _____

7.   _____

8.   _____

9.   _____

10.  _____

11.  _____

12.  _____


Dated: _____, 2015.

## VERDICT FORM:  MYFORTIC PHASE

WE, THE JURY, UNANIMOUSLY FIND:

[Statutory Exception and Regulatory Safe Harbor]

**Question 1A**:  For the challenged discounts and rebates, have Plaintiffs proven by a preponderance of the evidence that the amount of the discounts and rebates <u>were not</u> properly disclosed or appropriately reflected in the costs claimed or charges made by the specialty pharmacies to the Medicare and Medicaid programs?

(Answer "no" if you find that the discounts and rebates were properly disclosed and appropriately reflected in the costs claimed or charges made by the specialty pharmacies.)

Yes    _____        No    _____

**Question 1B**:  For the challenged discounts and rebates, have Plaintiffs proven by a preponderance of the evidence that (1) Novartis <u>did not</u> inform the specialty pharmacies of their obligations to report such discounts and rebates to the government or (2) Novartis took some action to impede the specialty pharmacies' ability to meet their obligations to report the discounts and rebates or (3) for rebates only, the terms of the rebate <u>were not</u> fixed and disclosed in writing at the time of the purchase to which the rebate relates?

Yes    _____        No    _____

*If you answered "yes" to Questions 1A <u>and</u> 1B, proceed to Question 2A.*

*If you answered "no" to Question 1A <u>or</u> Question 1B, then the challenged discounts and rebates did not violate the Anti-Kickback Statute, and you should leave the remaining questions blank and proceed to page 7.*

*If you answered "no" for some but not all of the challenged discounts or rebates, then those discounts or rebates did not violate the Anti-Kickback Statute.  Proceed to Question 2A, but do <u>not</u> consider those discounts or rebates in answering the remaining questions.*

**Question 2A**:  Have Plaintiffs proven by a preponderance of the evidence that Novartis offered or paid remuneration to a specialty pharmacy?


Yes         \_\_\_\_\_          No         \_\_\_\_\_

*If you answered "no" to Question 2A, leave the remaining questions blank and proceed to page 7.*


**Question 2B**:  Have Plaintiffs proven by a preponderance of the evidence that Novartis made an offer or payment of remuneration to induce a specialty pharmacy to recommend the purchase or order of Myfortic by a doctor, <u>and</u>

that the specialty pharmacy solicited or received that remuneration in return for recommending the purchase or order of Myfortic by a doctor?


Yes         \_\_\_\_\_          No         \_\_\_\_\_

*If you answered "no" to Question 2B, leave the remaining questions blank and proceed to page 7.*


**Question 2C**:  Have Plaintiffs proven by a preponderance of the evidence that prescriptions of Myfortic resulting from the specialty pharmacies' recommendations were or could have been paid for in whole or in part by Plaintiffs' government health care programs?


Yes         \_\_\_\_\_          No         \_\_\_\_\_

*If you answered "no" to Question 2C, leave the remaining questions blank and proceed to page 7.*


**Question 2D**:  Have Plaintiffs proven by a preponderance of the evidence that Novartis acted knowingly and willfully?


Yes         \_\_\_\_\_          No         \_\_\_\_\_

*If you answered "no" to Question 2D, leave the remaining questions blank and proceed to page 7.*

*If you answered "yes" to Question 2D, proceed to Question 3A.*

[FCA Counts[7] — (a)(1)(A) and (a)(1)(B)]

**Question 3A**:  Have Plaintiffs proven by a preponderance of the evidence that a specialty pharmacy made a false certification of compliance with the Anti-Kickback Statute <u>or</u>

that after March 23, 2010, a specialty pharmacy submitted a claim to a government health care program that included Myfortic resulting from a violation of the Anti-Kickback Statute?

Yes _____ No _____

*If you answered "no" to Question 3A, leave Questions 3B, 3C, 3D and 3E blank and proceed to Question 4A.*

**Question 3B**:  Have Plaintiffs proven by a preponderance of the evidence that at least one Novartis employee with the authority to act on behalf of Novartis knew that there was a violation of the Anti-Kickback Statute?

Yes _____ No _____

*If you answered "no" to Question 3B, leave Questions 3C, 3D and 3E blank and proceed to Question 4A.*

---

[7 <u>See</u> U.S.'s 2d Am. Compl. ("U.S. Compl."), 1st & 2d  Claims, Aug. 28, 2014, ECF No. 231; Rel.'s 3d Am. Compl. ("Rel.'s Compl."), ¶¶ 163-164, 167-220, Counts 1-28, Sept. 15, 2014, ECF No. 253.]

**Question 3C**:  Have Plaintiffs proven by a preponderance of the evidence that the same Novartis employee or employees knowingly caused a specialty pharmacy to present a Myfortic claim to a government health care program that included a false certification of compliance with the Anti-Kickback Statute, <u>or</u>

that the same Novartis employee or employees knowingly caused a specialty pharmacy to make or to use a false certification of compliance with the Anti-Kickback Statute that was material to a Myfortic claim it submitted to a government health care program, <u>or</u>

that after March 23, 2010, the same Novartis employee or employees knowingly caused a specialty pharmacy to present a Myfortic claim to a government health care program that included Myfortic resulting from a violation of the Anti-Kickback Statute?

Yes    **_____**    No    **_____**

*If you answered "no" to Question 3C, leave Question 3D and 3E blank and proceed to Question 4A.*

**Question 3D**:  Have Plaintiffs proven by a preponderance of the evidence that the false certification of compliance with the Anti-Kickback Statute was material to Plaintiffs' decision to pay <u>or</u>

that after March 23, 2010, the claim that included Myfortic resulting from an Anti-Kickback Statute was material to Plaintiffs' decision to pay?

Yes    **_____**    No    **_____**

*If you answered "no" to Question 3D, leave Question 3E blank and proceed to Question 4A.*

**Question 3E**:  Have Plaintiffs proven by a preponderance of the evidence that Plaintiffs suffered damages as a result of Novartis's conduct regarding any false or fraudulent claim?

Yes    **_____**    No    **_____**

*Proceed to Question 4A.*

**Question 4A**:  Have Plaintiffs proven by a preponderance of the evidence that Novartis entered into a conspiracy with a specialty pharmacy to violate the False Claims Act?

Yes        _____        No        _____

*If you answered "no" to Question 4A, leave Questions 4B, 4C and 4D blank and proceed to page 6.*

**Question 4B**:  Have Plaintiffs proven by a preponderance of the evidence that before May 20, 2009, Novartis and its coconspirators shared the specific intent to defraud the government by getting false or fraudulent claims paid, or that after May 20, 2009, Novartis and its coconspirator(s) shared the intent to commit a violation of the False Claims Act?

Yes        _____        No        _____

*If you answered "no" to Question 4B, leave Questions 4C and 4D blank and proceed to page 6.*

**Question 4C**:  Have Plaintiffs proven by a preponderance of the evidence that one of the members of the conspiracy violated the False Claims Act?

Yes        _____        No        _____

*If you answered "no" to Question 4C, leave Question 4D blank and proceed to page 6.*

**Question 4D**:  Have Plaintiffs proven by a preponderance of the evidence that Plaintiffs suffered damages as a result of a false or fraudulent claim?

Yes        _____        No        _____

*Proceed to page 6.*

---

[[8] <u>See</u> U.S. Compl., 3d Claim; Rel.'s Compl., ¶¶ 165, 167-220, Counts 1-28.]

***If you answered "yes" to Question 3E <u>or</u> Question 4D, then answer Question 5A.  Otherwise, leave this page blank and proceed to page 7.***

**<u>Question 5A</u>**:  Have Plaintiffs proven by a preponderance of the evidence and with reasonable certainty the amount of damages Plaintiffs sustained as a result of Novartis's conduct in causing the submission of false or fraudulent claims by any of the specialty pharmacies?

If Yes, enter the amount of damages sustained as a result of the false or fraudulent claims Novartis's conduct caused (and only with respect to the specialty pharmacies that submitted such false or fraudulent claims):

$_____

No _____

**<u>Question 5B</u>**:  Have Plaintiffs proven by a preponderance of the evidence the specific number of Novartis's own acts that caused a violation of the False Claims Act?

If Yes, enter the number of Novartis's own acts:  _____

No _____

*Proceed to page 7.*

# VERIFICATION: MYFORTIC PHASE

Please sign your names on the lines below, fill in the date, and inform the Marshal that you have reached a verdict after all the jurors have signed below.

1. _____

2. _____

3. _____

4. _____

5. _____

6. _____

7. _____

8. _____

9. _____

10. _____

11. _____

12. _____


Dated: _____, 2015.

Dated:  July 2, 2015                 Respectfully submitted,


_____/s/ Evan R. Chesler_____
Evan R. Chesler
Rachel G. Skaistis
Benjamin Gruenstein
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, New York 10019
Tel. No.: 212-474-1000
Email: echesler@cravath.com

Michael A. Rogoff
Manvin Mayell
KAYE SCHOLER LLP
250 West 55th Street
New York, New York 10019
Tel. No.: 212-836-8000

Faith E. Gay
Manisha M. Sheth
QUINN EMANUEL URQUHART & SULLIVAN
LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
Tel. No.: 212-849-7000

*Counsel for Defendant*
*Novartis Pharmaceuticals Corporation*