

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*86 Chambers Street, Third Floor*
*New York, New York  10007*

July 10, 2015

**BY ECF**

The Honorable Colleen McMahon
United States District Judge
United States Courthouse
500 Pearl Street
New York, NY  10007

    Re:   *U.S.* ex rel. *Kester v. Novartis Pharmaceuticals Corp.,* 11 Civ. 8196 (CM) (JCF)

Dear Judge McMahon:

       This Office represents plaintiff the United States (the "Government") in the above-referenced civil fraud action.  Earlier today, defendant Novartis submitted a letter to the Court to complain that plaintiffs are not ready to try this case based on the joint pre-trial order the parties filed on June 26.  We write respectfully on behalf of all plaintiffs to respond to Novartis's letter.

       The crux of Novartis's letter is that plaintiffs listed too many witnesses and too many exhibits in the JPTO.  Plaintiffs are puzzled by the timing of Novartis's letter because, prior to filing the JPTO, the parties had specifically discussed conferring further about how to streamline the trial by, *inter alia*, using FRE 1006 witnesses to summarize many of the exhibits for the jury or agreeing on additional factual stipulations to obviate the need to call many witnesses.  Put simply, it is highly premature for Novartis to burden the Court with its complaint at this juncture – almost four months before the start of trial and before the Court has scheduled the final pre-trial conference – when it has not conferred with plaintiffs to resolve its concerns.  Take just two examples:

- First, Novartis complains about the amount of deposition testimony designated by plaintiffs and the number of live witnesses.  This is a red herring — the parties exchanged initial deposition designations and witness lists *before* exchanging expert disclosures and *well before* expert depositions or motions *in limine*.  Plaintiffs' depositions designations and witness list, thus, address numerous issues that likely will not need to be tried.  Plaintiffs fully expect to significantly winnow our deposition designations and narrow our witness list based on what expert discovery shows and how the Court resolve motions *in limine* (and we expect Novartis would do the same).  Novartis's alarm, therefore, is at best unfounded.

- Second, Novartis complains about the 48 witnesses that the Intervening States "may call" at trial to explain their Medicaid programs.  But Novartis neglects to mention that plaintiffs proposed two alternatives to obviate the need to call most, if not all, of those witnesses — (*i*) by agreeing on a handful of stipulations about evidence produced by those Medicaid programs and how the operate and (*ii*) by presenting the

evidence through FRE 1006 summaries of documents.  Novartis refused to enter into meaningful stipulations and objected to the FRE 1006 summaries, claiming to have found certain mistakes in them.  Plaintiffs asked Novartis to identify the purported mistakes in the FRE 1006 summaries so they could be addressed.  Rather than responding to that request and thus obviating this dispute, Novartis instead raced to the Court.  In any event, plaintiffs are prepared, in the absence of unreasonable evidentiary objections from Novartis, to present most of their evidence on Medicaid through two experts — a Medicaid expert who has painstakingly reviewed how providers certified compliance with federal and state laws in *all* of the relevant states, and a damages expert who has analyzed Medicaid claims data for *all* the States.

    At bottom, plaintiffs have no doubt that this case (including both the Exjade and the Myfortic claims) can be tried in the six weeks that the Court has allotted for this trial.  To the extent that Novartis perceives any obstacle to finishing the trial in a timely manner, plaintiffs will confer in good faith with Novartis about how to make the trial proceed more efficiently.  In the meantime, it is highly premature – and not necessary – to burden the Court with issues that the parties have not had an opportunity to discuss and try to resolve themselves.

    We thank the Court for considering this letter.

Respectfully,

PREET BHARARA
United States Attorney

By: _____/s/_____

LI YU
REBECCA C. MARTIN
DAVID J. KENNEDY
JEFFREY K. POWELL
PETER M. ARONOFF
Assistant United States Attorneys
86 Chambers Street, Third Floor
New York, New York 10007
Tel:  (212) 637-2734/2714/2733/2697

cc: (By ECF)

Counsel for Novartis
Counsel for CVS
Counsel for the Litigating States
Counsel for the Relator