# SUSMAN GODFREY L.L.P.

A REGISTERED LIMITED LIABILITY PARTNERSHIP

15TH FLOOR

560 LEXINGTON AVENUE

NEW YORK, NEW YORK 10022-6828

(212) 336-8330

FAX (212) 336-8340

www.susmangodfrey.com

| Suite 5100 | Suite 5100 | Suite 5100 | Suite 5100 |
|---|---|---|---|
| 1000 Louisiana Street | 1000 Louisiana Street | 1000 Louisiana Street | 1000 Louisiana Street |
| Houston, Texas 77002-5096 | Houston, Texas 77002-5096 | Houston, Texas 77002-5096 | Houston, Texas 77002-5096 |
| (713) 651-9366 | (713) 651-9366 | (713) 651-9366 | (713) 651-9366 |

Andres C. Healy  
Direct Dial (206) 505-3843

E-Mail AHEALY@SUSMANGODFREY.COM

August 4, 2015

**VIA ECF**

The Honorable James C. Francis  
United States Magistrate Judge  
Daniel Patrick Moynihan U.S. Courthouse  
500 Pearl Street, Room 18D  
New York, New York 10007

Re:   *United States ex rel. Kester v. Novartis Pharmaceuticals Corp. et al.*,  
       Civil Action No. 11-8196 (CM) (JCF)

Dear Judge Francis:

On behalf of the Relator, David M. Kester, we write to raise a discovery dispute with Novartis. Specifically, we ask the Court to order Novartis to provide Relator with dates when its witnesses are available for deposition in August.

At every turn in the non-intervened case, Novartis has tried to delay discovery by refusing to produce documents or make necessary decisions in a timely manner. This Court already has had to order Novartis to substantially complete its production by June 30. It also has had to order Novartis to make a decision as to its own defenses by July 31. Yet, despite these orders, Novartis's tactics persist.

On July 13, 2015, after having just received nearly 2.1 million pages of documents from Novartis on the last two days of June,[1] Relator noticed the depositions of five Novartis employees he believes to be key players in Novartis's Gleevec, Tasigna, TOBI, and TOBI Podhaler schemes: Matthew Magestro, Beth

---

[1] Novartis produced more than 82% of its entire production in the non-intervened case after June 10—waiting until June 29 and June 30 to produce more than 50% of its entire production in the case.

August 4, 2015
Page 2

Shields, John Mandala, Jie Bian, and Steven Davis. Relator noticed these depositions for dates starting the second week of August, but—as a courtesy—told Novartis he was happy to work with it to find alternate dates if necessary.

For weeks, Novartis did not object to the dates Relator selected. In fact, it was not until July 24 that Novartis first told Relator that <u>not one</u> of its witnesses was available <u>until September</u>—and even then offering only <u>one</u> before September 17 and telling Relator Ms. Bian and Mr. Davis were not available until September 29 and September 30, respectively. Nevertheless, in the very same email, Novartis proposed that Plaintiffs' expert reports be due September 11.

As Relator told Novartis, its refusal to produce its witnesses in a timely manner is not only unexplainable, but unacceptable. With fact discovery closing in October and the need to begin preparing expert reports by at least mid-September, no reason exists to delay these depositions for so long. And this is especially true given that these five employees are just the first wave of Novartis depositions that will need to take place. Relator noticed the depositions of five additional Novartis employees last Friday and expects the information learned from the depositions of Mr. Magestro, Ms. Shields, Mr. Mandala, Ms. Bian, and Mr. Davis will help him decide who next to depose. To this day, however, Novartis refuses to provide a single witness a day earlier—leaving Relator no choice but to turn to this Court and once again ask it to order Novartis to comply with its basic discovery obligations in a timely manner.

Because Novartis has not and cannot offer a credible reason why not one of its noticed witnesses is not available deposition a single day in August, and because Relator needs the information he will obtain from these depositions to help him decide how to devote the remainder of his discovery resources, Relator respectfully asks the Court to order Novartis to provide Relator with dates in August when each of its noticed witnesses are available for deposition.

Respectfully,

Andres C. Healy