# VOGEL, SLADE & GOLDSTEIN, LLP

Attorneys at Law
www.vsg-law.com

Robert L. Vogel, Esq.　　　　　　　　　　　　　　　　　　1718 Connecticut Ave., NW, 7th Fl.
Shelley R. Slade, Esq.　　　　　　　　　　　　　　　　　　　　　　　　Washington, DC 20009
Janet L. Goldstein, Esq.　　　　　　　　　　　　　　　　　　　　　　　　　Tel: 202-537-5900
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Fax: 202-537-5905

December 1, 2015

**VIA ECF & FACSIMILE**

The Honorable Colleen McMahon
United States District Court, SDNY
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Chambers 1640
New York, New York 10007-1312

Re:　*United States ex rel. Kester v. Novartis Pharmaceuticals Corp. et al.*,
　　　Civil Action No. 11-8196 (CM) (JCF)

Dear Judge McMahon:

　　　Pursuant to Paragraph 27 of the Stipulation of Settlement and Order of Dismissal (ECF No. 504), the Relator, David Kester ("Mr. Kester"), with the consent of the United States, respectfully requests that the Court retain jurisdiction over Mr. Kester's claims under 31 U.S.C. §3730(d) for shares of the United States' recoveries from Defendants Novartis Pharmaceuticals Group ("Novartis") and Accredo Health Group ("Accredo").

　　　Through a stipulation entered by the Court on April 30, 2015, Accredo committed to pay $45,060,598.87 to the United States within ten days of the stipulation's effective date, which was defined in the stipulation to be ten days from the date the stipulation was entered by the Court (April 30, 2015). Accredo paid this amount as required by the settlement agreement. The United States and Mr. Kester have been discussing a possible settlement of Mr. Kester's claim for a share of the proceeds of that settlement but have yet to reach a resolution.

　　　Through the Stipulation of Settlement and Order of Dismissal filed in the action on November 20, 2015, Novartis has committed to pay the United States $286,870,245.98, plus interest, within fourteen business days of the Court's entry of the Stipulation and the Forfeiture Order requested therein. The United States and Mr. Kester are also discussing a possible resolution of Mr. Kester's claim for a share of this recovery but also have yet to reach a resolution.

　　　Discussions between Relator and counsel for the United States and the various states have been productive, and the parties are hopeful of reaching a resolution of the relator share issues. Relator proposes to report back to the Court within 30 days

regarding the status of his discussions with the United States concerning a possible resolution of his relator share claims. Upon the settlement and the dismissal of the claims that he has brought on behalf of the state plaintiffs, Relator may make a similar request that the Court retain jurisdiction over his claims under state law for relator shares of the state settlement proceeds, but the state plaintiffs and the Relator also are hopeful that those claims will be resolved without the need for litigation.

      Thank you for your consideration of this request.

                                      Respectfully,

                                      Shelley R. Slade
                                      *Counsel for Relator David M. Kester*

cc:  All Counsel of Record (by ECF and E-Mail.)